IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BOYINGTON | ) |
| on behalf of himself and all others similarly situated, | )<br>)<br>) Civil Action No. 3:14-cv-90 |
| Plaintiff, | )<br>) INDIVIDUAL AND COLLECTIVE/CLASS<br>) ACTION COMPLAINT |
| v. | )<br>) *Electronically Filed* |
| PERCHERON FIELD SERVICES, LLC | )<br>) Jury Trial Demanded |
| Defendant. | ) |

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Minimum Wage Act, (PMWA)(43 P.S. §333.101 et seq.), to recover damages for non-payment of overtime wages for Plaintiff and all others similarly situated.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a). This action is authorized and instituted pursuant to the FLSA and the PMWA.

3. The actions and policies alleged to be unlawful were committed in whole or in part in and around Altoona, PA, and elsewhere in Pennsylvania where Plaintiff worked for Defendant. Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

**PARTIES**

4. Plaintiff Eric Boyington (hereinafter "Plaintiff" or "Boyington") has resided at all relevant times at 25601 County Rd. 54 East, Daphne, AL 36526, and was employed by Defendant as a Senior Right of Way Agent , mostly from Defendant's Altoona, PA, office, from in or about August 2012 until in or about May 2013, and again from October 2013 until his last day of work on January 1, 2014.

5. Defendant Percheron Field Services, LLC (hereinafter "Defendant," or "Percheron"), is headquartered at 1600 Bakers Point Lane, Houston, TX 77079, and maintains an office at 2525 9th Avenue, Altoona, PA 16602, where Plaintiff worked.

6. Defendant engages in interstate commerce.

7. Defendant has annual revenues in excess of $500,000.

8. Defendant is an employer within the meaning of the FLSA and the PMWA.

9. Defendant is subject to the minimum wage and overtime provisions of the FLSA and the PMWA.

**BACKGROUND AND STATEMENT OF CLAIMS**

10. Plaintiff was employed by Defendant as a Right of Way Agent  from  in or about August 2012 until in or about May 2013, and again from October 2013 until his last day of work on

**January 1, 2014.**

11. Defendant provides support for right-of-way projects throughout the country related to, for example, oil and gas discovery, surveys, pipelines, site acquisition and leasing, and electric transmission.

12. Defendant's clients include major companies in the oil and gas industry and electric transmission.

13. As a Right of Way Agent, Plaintiff was paid $315.00 "per day worked" for normally 6 days per week, plus a $129 per diem, lodging and .55 per mile travel.

14. Plaintiff was not guaranteed a minimum number of days of work each week.

15. Plaintiff was only paid for the days actually worked.

16. Plaintiff was not paid a salary.

17. Plaintiff worked in excess of 40 hours per week (normally at least 54 or so hours), was on call 24/7 and had to be available whenever the crews were on site and whenever either the crew members, Percheron or the clients had questions or needed something done.

18. There was no formal time-keeping system maintained by Defendant.

19. Defendant has not and does not maintain time records in compliance with 29 CFR §516.

20. Plaintiff was paid no overtime.

21. Plaintiff's only compensation was his day rate of $315.00 (paid only for the days worked), plus a $129 per diem, lodging and .55 per mile travel.

22. Defendant classified Plaintiff as an exempt employee within the meaning of the FLSA and the PMWA.

23. The classification was improper: Plaintiff was non-exempt.

24. As noted above, Plaintiff was not paid a salary.

25. Plaintiffs' primary duty was to get permission from land owners to conduct surveys, do route preparation for pipelines and obtain rights-of-way.

26. Plaintiff did not meet any of the duties exemptions (administrative, professional, executive) under the FLSA or PMWA.

27. There are at least four (4) offices in the Pittsburgh region where Right of Way Agents work:
    - Altoona, PA
    - Robinson, PA
    - Blawnox, PA
    - Bridgeport, WV

28. Right of Way Agents also work out of the Houston, TX, headquarters, and other offices.

29. There are in excess of 50 Right of Way Agents who have worked from the Pennsylvania offices (Altoona, Robinson, Blawnox).

30. There are in excess of 200 Right of Way Agents who have worked for Percheron throughout the country since May 2011.

31. These Right of Way Agents perform the same or similar primary duties as Plaintiff.

32. These Right of Way Agents are paid according to the same pay system as Plaintiff: day rate (of $315.00 or a comparable amount)(paid only for the days worked)), plus a per diem, lodging and mileage.

33. These Right of Way Agents have regularly worked in excess of 40 hours in workweeks since May 2011.

34. These Right of Way Agents are not paid a salary.

35. These Right of Way Agents receive no overtime pay.

36. There have been in excess of 200 Right of Way Agents who have performed the same or similar primary duties as Plaintiff since at least May 2011.

37. Specifically, these other Right of Way Agents perform the same primary duties as Plaintiff did: getting permission from land owners to conduct surveys, doing route preparation for pipelines and obtaining rights-of-way.

38. Plaintiff knows this because of:

   - personal observation;

   - discussions with other Right of Way Agents;

   - corporate training; and,

   - knowledge that Defendant imposes the same policies, procedures and practices on Right of Way Agents throughout Defendant's offices.

39. The other Right of Way Agents do not meet the requirements for any of the exemptions within the FLSA or PMWA.

40. Defendant has known since at least May 2011 that it has been in violation of the FLSA and the PMWA and has acted in reckless disregard of the FLSA and the PMWA with respect to the improper classification of and failure to pay overtime to Plaintiff and the other Right of Way Agents.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

41. Defendant has employed in excess of 200 non-exempt Right of Way Agents who have been subject to the same policies (payment of day rate, no salary, non-payment of overtime despite having the primary duty of performing non-exempt work) at all times relevant to this matter (since May 2011).

42. The similarly situated employees of Defendant on whose behalf this lawsuit is brought include all non-exempt Right of Way Agents who have worked hours in excess of forty (40) hours in workweeks since May 2011 who have been subjected to the same policies regarding the payment of a day rate (not a salary) only for days worked and performance of non-exempt primary duties, and who have not been paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

43. Defendant has violated §207(a) of the FLSA and the PMWA by failing to pay Plaintiff, and all other similarly situated non-exempt Right of Way Agents, who have performed work in excess of forty (40) hours in workweeks since May 2011 at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked.

44. Prosecuting this case as a collective action under the FLSA and a class action under the PMWA for similarly situated non-exempt Right of Way Agents who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

45. There are no conflicts of interest among the class members.

46. Counsel for the Representative Plaintiff, Joseph H. Chivers and John R. Linkosky, are experienced in the field of employment law (including FLSA and PMWA wage claims), and collective/class actions, and will fairly and competently represent the interests of the class members.

47. The class is so numerous that joinder of all members is impracticable [numerosity].
    - As noted above, there are in excess of 200 class members and it would be impractical - if not impossible - to join them all individually.

48. There are questions of law or fact common to the class [commonality].
    - As noted above, the members of the class of Right of Way Agents are uniformly classified by Defendant as exempt from overtime (common questions of law); perform the same or similar primary duties as does Plaintiff and the other Right of Way Agents (common questions of fact) consistent with uniform policies and

procedures and practices (common questions of fact); are improperly classified as exempt (common questions of law and fact); work more than 40 hours in workweeks since May 2011 (common questions of fact) and are paid no overtime at time-and-one-half the regular rate of pay (common questions of fact).

49. The claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality].

- As noted above, the claims of the named Plaintiff are typical of the claims of the other Right of Way Agents, i.e., failure to pay overtime in accordance with the FLSA/PMWA. The defenses to Plaintiff's claims (proper classification as exempt) are typical of any defenses to the claims of the class.

50. The representative parties will fairly and adequately protect the interests of the class [adequacy].

- As noted above, counsel for the representative Plaintiffs, Joseph H. Chivers and John R. Linkosky, are experienced in the field of wage and hour law, and collective/class actions, and will fairly and competently represent the interests of the class members.

51. The questions of law or fact common to class members predominate over any questions affecting only individual members.

- As noted above, any questions of law are common. To the extent there are any variations in fact (for example, in the amount paid per day to each class member or in the number of Right of Way Agents in each office), common questions predominate. In particular, Plaintiff has identified specific company-wide policies and practices that give rise to the common liability (improper classification, common pay policies and practices, and failure to pay overtime).

52. In light of the above (numerosity, commonality, impracticability of joinder of separate actions), prosecuting this case as a collective/class action for similarly situated non-exempt Right of Way Agents who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interests of the class members.

53. Common issues predominate.

54. A collective/class action is superior to other available methods for fairly and efficiently adjudicating this controversy, and would avoid duplicative and potentially inconsistent or varying adjudications that could impair or impede the ability of either party to protect its interests.

55. Proof of liability for Defendant's conduct depends on the conduct of Defendant, not on the conduct of the individual class members.

56. Defendant has acted on grounds that apply generally to the class of non-exempt Right of Way Agents, making declaratory relief appropriate respecting the class as a whole.

57. There are no conflicts of interest among the class members.

**COUNT I:  FAIR LABOR STANDARDS ACT (FLSA)/PENNSYLVANIA MINIMUM WAGE ACT (PMWA) FAILURE TO PAY OVERTIME (INDIVIDUAL AND COLLECTIVE/CLASS ACTION)**

58. Plaintiff hereby incorporates by reference Paragraphs 1 through 57 of his Complaint as though the same were more fully set forth herein.

59. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, are  employees

of Defendant within the meaning of the FLSA and the PMWA.

60. Defendant is an employer within the meaning of the FLSA and the PMWA.

61. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, are not paid a salary.

62. The primary duties of Plaintiff, and all other similarly situated non-exempt Right of Way Agents, are non-exempt duties within the meaning of the FLSA and the PMWA.

63. These non-exempt primary duties are the result of common policies and practices applied by Defendant to Plaintiff, and all other similarly situated non-exempt Right of Way Agents.

64. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, have worked in excess of 40 hours in workweeks since May 2011.

65. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, have been paid no overtime pay since May 2011.

66. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, have been subject to the same common policies and practices since May 2011.

67. The common policies and practices result in the unlawful denial of overtime pay at time-and-one-half (1½) the regular rate of pay in weeks where Plaintiff, and the other similarly situated non-exempt Right of Way Agents, have worked more than forty (40) hours since May 2011.

68. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, are entitled to be paid overtime compensation at time-and-one-half (1½) their regular rate of pay pursuant to the FLSA and the PMWA for hours worked in excess of forty (40) hours in workweeks since May 2011.

69. Defendant has violated the FLSA and the PMWA by not paying Plaintiff, and all other similarly situated non-exempt Right of Way Agents, overtime compensation at time-and-one-half their regular rate of pay in workweeks in which the non-exempt Right of Way Agents have worked more than 40 hours since May 2011.

70. Plaintiff, and all other similarly situated non-exempt Right of Way Agents, are also, under the FLSA, entitled to liquidated damages in an amount equal to the unpaid overtime.

71. Defendant has also failed to maintain accurate time records regarding Plaintiff, and all other similarly situated non-exempt Right of Way Agents, in accordance with 29 CFR §516.

72. Defendant's failure to pay overtime at time-and-one-half (1½) the regular rate of pay, and to maintain accurate time records, is knowing and willful.

73. Defendant's failure to pay overtime at time-and-one-half (1½) the regular rate of pay, and to maintain accurate time records, is a violation of the FLSA and the PMWA.

74. Because Defendant has knowingly and intentionally violated the FLSA since May 2011 the three-year statute of limitations for intentional violations under the FLSA applies.  (The statute of limitations under the PMWA is three years regardless of willfulness.)

**PRAYER FOR RELIEF**

**75.** Wherefore, Plaintiff, and all other similarly situated non-exempt Right of Way Agents, who have worked hours in excess of forty (40) hours in workweeks since May 2011 without being paid overtime compensation at a rate of time-and-one-half (1½) their regular rate of pay for the overtime hours worked, respectfully request that this Court enter judgment in their favor in an amount equal to the overtime compensation due, together with liquidated damages (FLSA), reasonable attorney's fees and costs.

**Respectfully submitted,**

  **s/Joseph H. Chivers**
**Joseph H. Chivers, Esquire**
**PA ID No. 39184**
**First & Market Building**
**Suite 1010**
**100 First Avenue**
**Pittsburgh, PA  15222-1514**
jchivers@employmentrightsgroup.com
**(412) 227-0763 / (412) 281-8481 FAX**


  **s/John R. Linkosky**
**John R. Linkosky, Esquire**
**PA ID No. 66011**
**715 Washington Avenue**
**Carnegie, PA  15106-4107**
linklaw@comcast.net
**(412) 278-1280 / (412) 278-1282 FAX**

*Counsel for Plaintiff and Class*

**Dated: May 7, 2014**