IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BOYINGTON, *on behalf of himself and all others similarly situated,*  )<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PERCHERON FIELD SERVICES, LLC,  )<br>)<br>Defendant.  ) | CIVIL ACTION NO. 3:14-90<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This matter comes before the Court upon consideration of Plaintiff's motion to certify class conditionally and to facilitate notice. (ECF No. 45). For the reasons that follow, the Court will grant Plaintiff's motion.

### II. Background

#### a. Procedural and factual history

Plaintiff filed the instant action in this Court under the Fair Labor Standards Act of 1938, as amended (FLSA) (29 U.S.C. § 201 et seq.), and the Pennsylvania Minimum Wage Act (PMWA) (43 P.S. § 333.101 et seq.), to recover damages for non-payment of overtime wages for Plaintiff and all others similarly situated. The procedural and factual history are laid out in greater detail in this Court's Memorandum Opinion and Order denying Defendant's Motion to Enforce Settlement Agreement. (ECF No. 96).

1

**III. Legal Standard**

The FLSA requires that employers pay overtime compensation to all non-exempt employees. 29 U.S.C. § 207(a)(1). The FLSA contains a provision that permits an employee to institute a representative action on behalf of that employee and all other employees similarly situated. 29 U.S.C. § 216(b). The twin requirements for a § 216(b) class action are that employees be similarly situated and that each class member file individual consent with the court in which the action is brought. *Bishop v. AT & T Corp.*, 256 F.R.D. 503, 506 (W.D. Pa. 2009) (citing *Sperling v. Hoffman La–Roche, Inc.*, 862 F.2d 439, 444 (3d. Cir. 1988)).

The Third Circuit has embraced a two-tier approach to class certification. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012). Conditional certification is not really a certification, but is rather the district court's exercise of its discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the FLSA. *Id.* (citing *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 (3d Cir. 2011)).

The initial stage requires a "modest factual showing," under which a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 536 n. 4 (quoting *Symczyk*, 656 F.3d at 193 (internal quotations omitted)). At the second stage, the plaintiffs must satisfy their burden by a preponderance of the evidence. *Id.* at 537. On final certification the court must determine "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named

2

plaintiffs." *Id.* (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). The FLSA is a remedial statute that should be liberally construed. *Id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1265 (11th Cir. 2008)).

**IV. Discussion**

    **a. Conditional certification**

Plaintiff asks that this Court enter an order conditionally certifying an FLSA collective composed of, and facilitating the sending of notices to, all persons who were employed as Right of Way Agents by Defendant Percheron Field Services LLC, or its predecessor entity Percheron Acquisitions LLC, during the period starting three years prior to the date of the court's order through the date of this court's order. (ECF No. 46 at 2).

Bearing in mind that Plaintiff need merely make a "modest factual showing" in order to obtain conditional certification, the Court finds that such a showing has been made, and that the class shall be conditionally certified. Percheron's admissions in its answer provided sufficient common facts among Boyington and the other Right of Way agents. The answer admitted that Boyington "was one of at least 200 Right of Way Agents who have worked for Percheron since May 2011" and that as a Right of Way Agent, Boyington's "primary duty was to get permission from land owners to conduct surveys, do route preparation for pipelines and obtain rights-of-way." (ECF No. 32 at ¶¶ 16, 42, 34; ECF No. 36 at ¶¶ 16, 42, 34). Percheron also admitted that none of its Right of Way Agents received overtime compensation, that all of its Right of Way agents were classified as

3

exempt, that none of its Right of Way Agents were paid a salary, and that Percheron does not pay any of its Right of Way Agents a guaranteed salary. (ECF No. 32 at ¶¶ 43, 47, 49, 56; ECF No. 36 at ¶¶ 43, 47, 49, 56). Boyington also stated that he came to know dozens of the other Right of Way Agents during the course of his employment at Percheron, all of whom performed the same general job duties as he did, received a daily pay rate rather than a salary, and "reported to the same basic chain of command." (ECF No. 46 at 12–13, citing Boyington Decl. ¶ 8). These colleagues often confirmed that, like Boyington, they worked "long hours," though Percheron admitted that it never paid overtime to its Right of Way Agents. (*Id.*, citing Boyington Decl. at ¶ 8; ECF No. 32 at ¶ 49; ECF No. 36 at ¶ 49).

The Court also finds that Percheron's wide geographical presence did not result in any significant disparities in the Right of Way Agents' job duties. Thus, the Court finds that Boyington has made a sufficient showing to obtain conditional certification of an FLSA collective.

Defendant states that at the time of filing the motion to certify the class conditionally, Plaintiff had not yet filed his consent to opt in to the class. (ECF No. 66 at 6). The Court notes that Plaintiff has since filed the consent to opt in. (ECF No. 73). The fact that Plaintiff has since filed a consent to opt in renders moot Defendant's argument that he did not intend to file a consent to join the action. The Court further notes that several class members have filed consents to opt in since Plaintiff filed the instant motion to certify the class conditionally. (ECF Nos. 49–52, 54–57, 92).

Defendant further opposes the motion on the grounds that Plaintiff and Defendant allegedly entered into a binding settlement on October 31, 2014, thus rendering this motion moot. (ECF No. 66 at 1). As the Court noted in its previous opinion, the facts as presented by the parties do not establish that they in fact reached a binding settlement on October 31, 2014 while the instant motion was pending. (ECF No. 96). Defendant claims that a material term of the alleged settlement is that Plaintiff would dismiss the action, with prejudice. (ECF No. 66 at 6). Based on the evidence presented, the Court cannot discern whether the promise to dismiss the case with prejudice was in fact a material term of the alleged settlement agreement.

Defendant's entire objection to conditional certification is premised first on the fact that Plaintiff never filed a consent to opt in, which he has since done, and the fact that the case was rendered moot by virtue of Plaintiff's alleged settlement of the case on October 31, 2014. Since the Court has determined that Plaintiff did not enter into a binding settlement on October 31, 2014 (*see* ECF No. 96), neither of Defendant's arguments is a reason to deny conditional certification of the class in this case.

### b. Definition of the class

Plaintiff asks that this Court define the conditionally certified collective to include all Right of Way agents who have worked at either Percheron Field Services LLC or its predecessors in interest in the three years prior to this Court's conditional-certification order. (ECF No. 46 at 14). That would include all Right of Way Agents who worked for Percheron Acquisitions LLC, which was a predecessor to Percheron Field Services. (*Id.*).

5

The Court is satisfied that the employees who worked for Percheron Acquisitions before the corporate merger were similarly situated to Plaintiff. The Court therefore finds that the conditionally certified collective shall include all Right of Way agents who have worked at either Percheron Field Services LLC or its predecessors in interest in the three years prior to this Court's conditional-certification order, including employees of Percheron Acquisitions.

### c. Facilitation of Notice to the Proposed FLSA Notice Group

Plaintiff asks this Court to instruct Percheron to provide him with the names, last known mailing addresses, and e-mail addresses of each member of the Proposed FLSA Notice Group. (ECF No. 46 at 16). Plaintiff argues that because the proposed FLSA Notice Group includes many persons who are no longer employed by Percheron, and for whom Percheron may not have an accurate mailing address, production of the e-mail addresses is necessary to ensure that each member of the Proposed FLSA Notice Group receives notice of this action. (*Id.*).

The Court finds that requiring the provision of email addresses of the members of the conditionally certified class is overly intrusive. Plaintiff is instructed to notify class members via first-class mail. However, the Court is willing to revisit the issue should notification via first-class mail prove to be insufficient. The parties are also instructed to confer to agree on a mutually-agreeable protocol for the production of contact information, and are instructed to submit their proposed notice to the Court.

## V. Conclusion

The Court finds that Plaintiff's motion to certify the class conditionally shall be granted. The parties are instructed to meet in order to find a mutually-agreeable means of contacting the class.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, *on behalf of himself and all others similarly situated*, | ) ) ) | CIVIL ACTION NO. 3:14-90 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this **15th** day of June, 2015, upon consideration of Plaintiff's motion to certify the class conditionally and to facilitate notice (ECF No. 45), it is hereby ordered that the motion is **GRANTED**.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON

UNITED STATES DISTRICT JUDGE