IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:14-cv-90 |
| Plaintiff, | | |
| | | JUDGE KIM R. GIBSON |
| v. | | |
| PERCHERON FIELD SERVICES, LLC, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This case arises from Plaintiff's employment by Defendant as a Right of Way Agent and allegedly improper classification as an exempt employee within the meaning of the Fair Labor Standards Act of 1938, as amended (**FLSA**) (29 U.S.C. § 201 *et seq.*), and the Pennsylvania Minimum Wage Act (**PMWA**) (43 P.S. § 333.101 *et seq.*). Presently before this Court is a motion for Reconsideration or, in the Alternative, for Permission to File an Interlocutory Appeal (ECF No. 111) by Defendant Percheron Field Services, LLC. For the reasons that follow, the Court will **DENY** Defendant's motion.

### II. Jurisdiction and Venue

The Court exercises jurisdiction over Plaintiff's federal-law claim pursuant to 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### III. Background[1]

Plaintiff commenced this action by filing a complaint in this Court on May 7, 2014, alleging violations of the FLSA, as amended (29 U.S.C. § 201 *et seq.*), and the PMWA (43 P.S. § 333.101 *et seq.*), and seeking damages for non-payment of overtime wages for himself and for all others similarly situated. (ECF No. 1 ¶ 1.) On October 22, 2014, Plaintiff filed a motion to certify the class conditionally. (ECF No. 45.)

At issue here is a phone call that took place on October 31, 2014. Plaintiff and Defendant agree that on this date, a representative of Defendant placed an unsolicited phone call directly to Plaintiff, and that during this call, the parties discussed a potential settlement of Plaintiff's claims. (ECF No. 65 at 1-2; ECF No. 68 at 4.) The parties dispute the contents of this phone call, however. Defendant asserts that during this call, Plaintiff and Defendant reached a binding settlement agreement. (ECF No. 65 at 1.) Plaintiff, on the other hand, maintains that no settlement was reached and that Plaintiff instead merely expressed interest in settling his claims for the amount offered. (ECF No. 68 at 4.)

Defendant filed a motion to enforce the purported settlement agreement on November 12, 2014. (ECF No. 64.) Plaintiff opposed the motion and the issues were fully briefed. (ECF Nos. 65, 68, 89.) On June 15, 2015, this Court issued a Memorandum Opinion and Order, denying Defendant's motion to enforce settlement (the **Opinion and Order**). (ECF No. 96.) The Court reasoned that Defendant had failed to prove that there were no disputed issues of material fact as to the validity of the purported settlement agreement. (*Id.* at 3-5.) The Court also found that

---

[1] The Court detailed the factual background of this case in its Memorandum Opinion and Order dated June 15, 2015. (ECF No. 96.) Because familiarity with that Memorandum Opinion and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

Defendant had impermissibly attempted to settle the case by making an unsolicited phone call to Plaintiff before giving the Court the opportunity to rule on the motion to certify the class conditionally. (*[Id.](#) at 7*.)

Defendant now asks the Court to reconsider its order denying the motion to enforce settlement, or, in the alternative, to certify this issue for interlocutory appeal. ([ECF No.111](#).) The parties have fully briefed the Court on the pending motion, and the matter is now ripe for adjudication. For the reasons that follow, the Court will deny Defendant's requests for reconsideration and for leave to file an interlocutory appeal.

IV. **Motion for Reconsideration**

Defendant asks the Court to reconsider its order denying Defendant's motion to enforce settlement. For the reasons that follow, the Court will deny the motion for reconsideration.

a. **Applicable Law**

A motion for reconsideration is properly made "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). District courts have the inherent power to reconsider an interlocutory decision, but only pursuant to the three grounds upon which a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) could be granted. *See Deeters v. Phelan Hallinan & Schmieg, LLP*, 2013 WL 6524625, at *1 (W.D. Pa. Dec. 12, 2013) (citing cases). Accordingly, a motion for reconsideration of an interlocutory order must "rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration addresses only factual and legal matters that the court may have overlooked. . . . Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *North Am. Communs., Inc.*, 817 F.Supp. 2d at 640 (internal quotations omitted). This Court has recognized that a motion for reconsideration will not be granted "when the motion simply restyles or rehashes issues previously presented." *N. Am. Communs., Inc. v. InfoPrint Solutions Co., LLC*, 817 F.Supp. 2d 623, 640 (W.D. Pa. 2011). *See also Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions [was] not a proper basis for reconsideration"). It is similarly improper for a motion for reconsideration "to raise new arguments or to present evidence that could have been raised prior to the entry" of the interlocutory order. *Deeters*, 2013 WL 6524625, at *2 (citing *Hill v. Tammac Corp.*, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). *See also McDowell Oil Service, Inc. v. Interstate Fire and Cas. Co.*, 817 F.Supp. 538, 541 (M.D. Pa. 1993) ("a Rule 59(e) motion is not to be used . . . to put forward additional arguments which [the movant] could have made but neglected to make before judgment") (internal quotations omitted).

### b. Discussion

Defendant argues that this Court should reconsider its denial of Defendant's motion to enforce settlement. In support of this argument, Defendant asserts that in the Opinion and Order, the Court relied on inadmissible evidence to find that no settlement agreement had been reached between the parties during the October 31, 2014, phone call. (ECF No. 112 at 3-4.) Specifically, Defendant argues that the Court impermissibly relied on the hearsay testimony of Tammy McGill-Hoyt to find that no binding settlement agreement was reached between the

4

parties. (*Id*.) Defendant also argues that the Court failed to consider Plaintiff's admissions that he voluntarily entered into a settlement agreement on October 31, 2014. (*Id*. at 5-7.)

The Court finds Defendant's arguments to be without merit and will therefore deny the motion for reconsideration. Despite Defendant's insistence to the contrary, the Declaration of Tammy McGill-Hoyt was not integral to the Court's determination that no settlement agreement had been reached between the parties. Further, the Court finds that Defendant has misconstrued both Plaintiff's declaration and the Court's analysis.

Defendant correctly notes that the Court took Ms. McGill-Hoyt's affidavit into account in the Opinion and Order. (*See* ECF No. 96 at 5.) Even assuming that consideration of this affidavit was in error, a proposition that the Court need not decide for the purposes of this motion,[2] the Court did not rest its decision on Ms. McGill-Hoyt's affidavit when it determined that Defendant failed to prove that the parties had entered a binding settlement agreement.

As the Court noted in the Opinion and Order, the burden was on Defendant to prove that there were no disputed issues of material fact as to the validity of the settlement agreement, and that the terms of such agreement were sufficiently definite to be specifically enforced. (*See id*. at 3 (citing *Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991); *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009)). The Court properly concluded that Defendant had not met this burden. Specifically, the Court noted that the only evidence Defendant had

---

[2] Despite the fact that the Declaration of Tammy McGill-Hoyt was filed along with Plaintiff's Response to Defendant's Motion to Enforce Settlement Agreement (ECF Nos. 68, 70) on November 18, 2014, Defendant never raised an objection to the consideration of this affidavit in the extensive briefing that the Court considered before issuing the Opinion and Order. (*See* ECF Nos. 65, 89.) The Court therefore need not consider this argument on the instant motion for reconsideration. *See Deeters*, 2013 WL 6524625, at *2 (citing *Hill*, 2006 WL 529044, at *2. *See also McDowell Oil Service, Inc.*, 817 F.Supp. at 541 ("a Rule 59(e) motion is not to be used . . . to put forward additional arguments which [the movant] could have made but neglected to make before judgment") (internal quotations omitted).

provided in support of the existence of the settlement agreement was the Declaration of Asa Bowers. (*Id.* at 4 (citing ECF No. 65-1.)) The Court explained that the Bowers Declaration was contradicted by Plaintiff's declaration, and the Court found that the terms of the purported agreement presented to the Court were obscure and insufficiently definite to be specifically enforced. (*Id.* at 4-5.) The Court's supplemental commentary that "Defendant's representations to Ms. McGill-Hoyt . . . *further* undermine Defendant's assertion that a settlement had been reached" does not change the fact that Defendant presented insufficient evidence for this Court to conclude that a specifically enforceable settlement agreement had been reached between the parties. (*See id.* at 5 (citing ECF No. 68 at 8) (emphasis added).)

In addition to the argument that the Court improperly relied on the McGill-Hoyt Declaration, Defendant also argues that the Court failed to consider Plaintiff's "admissions that he had voluntarily entered" a settlement agreement. (ECF No. 112 at 5.) Defendant urges that "a careful review" of Plaintiff's declaration, coupled with the Bowers Declaration, demonstrates that Plaintiff "did in fact voluntarily agree to settle and dismiss this action." (*Id.*) The Court disagrees.

The Court did in fact conduct a careful review of both the Bowers Declaration and Plaintiff's declaration, and took note of each declaration in the Opinion and Order. (*See* ECF No.96 at 4-5.) This careful review did not and does not lend support to the assertion that Plaintiff entered a binding settlement agreement as Defendant continues to insist that it does. As the Court noted in the Opinion and Order, Mr. Bowers' declaration does indeed assert that Plaintiff agreed to enter into a settlement, and that Plaintiff's attorney had been unwilling to execute the necessary documents. (*Id.* at 4 (citing ECF No. 65-1 ¶ 8.)) The Court also noted,

6

however, that this fact was disputed by Plaintiff's declaration, in which Plaintiff stated only that he was "amenable to settling [his] claims for the amount . . . offered." (ECF No. 69 ¶ 7.) Moreover, Plaintiff's declaration flatly contradicted Mr. Bowers' assertion that Plaintiff's attorney had been uncooperative or unwilling to execute the necessary documents. (*Id.* ¶¶ 8-9.)

These contradictory statements support the Court's finding that while Plaintiff did express an interest in settling the case, Defendant presented insufficient evidence for the Court to determine that a binding settlement had in fact been reached. (ECF No. 96 at 5.) In short, contrary to the assertions in Defendant's motion and brief, the Court properly conducted a "careful review" of both the Bowers Declaration and the Plaintiff's declaration and noted that the two declarations contained contradictory accounts of whether a settlement had been reached. Based on this review and analysis, the Court concluded that Defendant had failed to meet its burden of establishing that there were no disputed issues of material fact as to the validity of the settlement agreement or that the terms of the purported agreement were sufficiently definite to be specifically enforced. *See Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991); *Am. Eagle Outfitters*, 534 F.3d 575, 582 (3d Cir. 1986).

For these reasons, Defendant's motion for reconsideration is denied.

## V. Request for Permission to File Interlocutory Appeal

Having denied Defendant's motion for reconsideration, the Court turns now to Defendant's alternative request for the Court to modify its order to grant Defendant leave to file an immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit, and to stay proceedings in this Court pending the resolution of such appeal. For the reasons that follow, the Court will deny these requests.

### a. Applicable law

A district court may certify an order for interlocutory appeal if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) therefore sets out three factors that district courts consider before granting leave to file an immediate interlocutory appeal: (1) whether the order involves a controlling question of law; (2) whether there is a substantial ground for difference of opinion as to that question of law; and (3) whether immediate appeal from the order would materially advance the ultimate termination of the litigation. *See Koerner v. Hankins*, 2012 WL 464871, at *1-2 (W.D. Pa. Feb. 13, 2012). The party seeking interlocutory appeal bears the burden of proving that all three of the certification factors have been met, though even if all statutory criteria are met, the decision to grant certification remains wholly within the discretion of the district court. *Id*. at *2 (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)).

"A question is controlling if its incorrect disposition would require reversal of the final judgment." *McMahon v. Medical Protective Co.*, 2015 WL 4633698, at *3 (W.D. Pa. Aug. 3, 2015) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)) (internal quotations omitted).

In determining whether there is a substantial ground for difference of opinion, the district court should consider whether there is conflicting precedent, the absence of controlling law, or a complex statutory interpretation at issue. *See Koerner*, 2012 WL 464871, at *1. "A party's strong disagreement with the Court's ruling does not constitute a 'substantial ground for

difference of opinion' . . . Nor does a dispute over the application of settled law to a particular set of facts." *Id*.

Lastly, an interlocutory certification materially advances the ultimate termination of the litigation where the appeal would eliminate "(1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Koerner*, 2012 WL 464871, at *2 (internal quotations omitted).

"When deciding whether to certify an order for interlocutory appeal, the court must make a practical application of the policies favoring interlocutory appeal, including the avoidance of harm to a party pendent lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Id*. "The burden is on the party seeking certification to demonstrate that exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." *Id*. (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F.Supp.2d 603, 608 (E.D. Pa. 2008)) (internal quotations omitted).

### b. Discussion

Defendant asks this Court to certify the issue of whether the parties entered an enforceable settlement agreement for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit. ([ECF No. 112 at 7](#).) In support of this request, Defendant argues that all three of the statutory factors outlined above are satisfied in this case, such that the Court should exercise its discretion to certify this issue for immediate interlocutory appeal. ([*Id*. at 7-10](#).)

The Court finds that Defendant's arguments in support of interlocutory appeal rest on the contradicted assertion that Plaintiff accepted Defendant's offer of settlement. This is an assertion that Plaintiff has disputed and that the Court has rejected as insufficiently supported by the record. The Court therefore finds that the statutory factors are not met under 28 U.S.C. § 1292(b), and denies Defendant's request for leave to file an immediate interlocutory appeal on the issue of whether the parties entered an enforceable settlement agreement.

The first factor under 28 U.S.C. § 1292(b) directs that the district court assess whether the order at issue involves a controlling issue of law. Defendant urges the Court to conclude that this factor is satisfied because "the existence of the litigation itself turns on whether an enforceable settlement agreement was entered into by the [p]arties on October 31." (ECF No. 112 at 8.) The question of whether a binding settlement agreement did in fact come into existence is not appropriate for interlocutory appeal, as it is a factual question. *See In re Flat Glass Antitrust Litig.*, 2013 WL 136472, at *3 (W.D. Pa. Jan. 10, 2013) (denying request for interlocutory appeal where the motion arose from "the law applied to the facts at hand"). The Court does not, however, interpret this factual issue to be the precise issue for which Defendant makes its request for interlocutory appeal. The precise issue for which Defendant requests interlocutory appeal is whether the purported agreement was enforceable. (ECF No. 112 at 7-10.) As Plaintiff points out in his brief in opposition to the instant motion, however, the Court determined that there was insufficient evidence to conclude that the parties had entered a settlement agreement at all. (ECF No. 96 at 4-5.) Therefore, the question of whether any such pre-certification agreement would be enforceable is irrelevant and therefore does not constitute a "controlling issue of law" in this case. *See Koerner*, 2012 WL 464871, at *2.

The second statutory factor is also not satisfied in this case. As the Court has explained, the Court found that the evidence presented was insufficient to establish that a settlement agreement had been reached between the parties during the October 31, 2014, phone call. Defendant continues to argue that "Mr. Boyington accepted Defendant's offer to settle the action on an individual basis, thus assenting to settlement ending his suit." (ECF No. 112 at 9.) Defendant's arguments as to factor two derive from this factual question, already addressed by the Court, of whether Plaintiff accepted the settlement offer on October 31, 2014, and Defendant urges the Court to analyze case law that would apply had Plaintiff accepted the settlement offer. (*See id*. at 8-10 ("The Order demonstrates [that] there is 'substantial grounds for difference of opinion' as to whether a pre-certification settlement—*which has been accepted by the plaintiff*—is enforceable.") (emphasis added).) The Court, however, has concluded that there is insufficient evidence to determine that Plaintiff accepted Defendant's offer. Therefore, the case law that Defendant cites as to conflicting standards when a pre-certification settlement offer has been accepted is immaterial. The Court applied the appropriate law to the facts with which it was presented, where a precertification offer of settlement was made but was not accepted by Plaintiff.[3] Defendant's disagreement with the Court's review and assessment of the relevant

---

[3] The Court notes that after briefing was completed on this motion, the Supreme Court abrogated *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), holding that under basic contract law principles, once a pre-certification settlement offer was rejected by the plaintiff, it had no further efficacy and therefore did not render moot the consumer's class action complaint. *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 669-70 (2016). The Supreme Court's holding does not affect the Court's analysis on this motion and in fact provides further support for its conclusion that because Plaintiff did not accept Defendant's offer of settlement, Plaintiff's claim is still an active controversy and should be permitted to proceed.

declarations, and insistence that the Court apply the law as it would be if the facts were as Defendant prefers, is ineffective and does not provide proper grounds for interlocutory appeal.[4]

Lastly, as to the third and final factor under 28 U.S.C. § 1292(b), the Court is not satisfied that an interlocutory appeal here would materially advance the ultimate termination of the litigation. Indeed, as Plaintiff points out in his brief in opposition to the instant motion, Plaintiff's individual claims are not the only claims at issue in this litigation. While it is true that a finding of an enforceable settlement agreement would have allowed the Court to dismiss Plaintiff's individual claims, it is not clear that such dismissal would eliminate the need for adjudication of the remaining claims of the opt-in plaintiffs, nor would it eliminate issues to simplify trial or discovery.

For the reasons described above, the Court finds that an interlocutory appeal would be inappropriate pursuant to the factors outlined in 28 U.S.C. § 1292(b). The Court therefore declines to exercise its discretion to certify the issue at hand for immediate interlocutory appeal, and need not address Defendant's request that the Court stay the proceedings.

**VI.     Conclusion**

For the reasons stated above, the Court denies Defendant's Motion for Reconsideration or, in the Alternative, for Leave to File an Interlocutory Appeal. ([ECF No. 111](#).)

An appropriate order follows.

---

[4] Defendant's argument that the Court "ignored guidance offered by the Supreme Court in *Deposit Guaranty National Bank of Jackson, Mississippi v. Roper*, 445 U.S. 326 (1980), is similarly unavailing. The Defendant is correct that the "distinguishing feature" in *Roper* was that the settlement offer had been unaccepted. *See id*. at 341. This fact, however, does not support Defendant's argument, because this "distinguishing feature" is also present here. According to *Roper*, therefore, under the facts of this case, Defendant's settlement offer likewise had no effect on the vitality of Plaintiff's claims because the offer here was also unaccepted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) | CIVIL ACTION NO. 3:14-cv-90 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 24th day of March, 2016, upon consideration of Defendant's Motion for Reconsideration or, in the Alternative, for Permission to File an Interlocutory Appeal (ECF No. 111), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE