# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself | ) | |
| and all others similarly situated, | ) | CIVIL ACTION NO. 3:14-cv-90 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| PERCHERON FIELD SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

This case arises from alleged violations of the Fair Labor Standards Act of 1938, as amended (**FLSA**) (29 U.S.C. § 201 *et seq.*), and the Pennsylvania Minimum Wage Act (**PMWA**) (43 P.S. § 33.101 *et seq.*). Presently before the Court is Plaintiffs' Emergency Motion for Sanctions. (ECF No. 145.) For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiffs' motion.

### II.     Jurisdiction and Venue

The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### III.     Background[1]

Representative Plaintiff Boyington commenced this action by filing a complaint on May 7, 2014, alleging violations of the FLSA, as amended (29 U.S.C. § 201 *et seq.*), and the PMWA (43

---

[1] The Court detailed the factual background of this case in its Memorandum Opinion and Order dated June 15, 2015. (ECF No. 96.) Because familiarity with that Memorandum Opinion and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

P.S. § 333.101 *et seq.*), and seeking damages for non-payment of overtime wages for himself and for all others similarly situated. (ECF No. 1 ¶ 1.) On October 22, 2014, Representative Plaintiff Boyington filed a motion to certify the class conditionally. (ECF No. 45.) On October 31, 2014, a representative of Defendant placed an unsolicited phone call directly to Plaintiff, during which the parties discussed a potential settlement of Plaintiff's claims. (ECF No. 65 at 1-2; ECF No. 68 at 4.) Defendant filed a motion to enforce a purported settlement agreement on November 12, 2014, arguing that during the phone call, Plaintiff and Defendant had reached a binding settlement agreement. (ECF No. 65 at 1; ECF No. 64.) On June 15, 2015, this Court issued a Memorandum Opinion and Order denying Defendant's motion to enforce settlement, (ECF No. 96), and on March 24, 2016, this Court denied Defendant's Motion for Reconsideration of the order denying the motion to enforce settlement, and further denied Defendant's motion for interlocutory appeal of that order. (ECF No. 141.)

Presently before the Court is Plaintiffs' Emergency Motion for Sanctions. (ECF No. 145.) Plaintiffs argue that sanctions should be imposed against Defendant for its service of subpoenas on some or all of the named and opt-in Plaintiffs' mobile phone carriers for their wireless call records without first notifying Plaintiffs' counsel as required by Federal Rule of Civil Procedure 45(a)(4). (*Id.* ¶¶ 1-4.) Plaintiffs assert that this incident also resulted in a violation of Pennsylvania Rule of Professional Conduct 4.2—Communication with a Person Represented by Counsel. (*Id.* ¶ 5.) Plaintiffs seek the following relief: (1) an emergency hearing on the issue of sanctions; (2) an order requiring Defendant to provide all subpoenas issued to the mobile telephone carriers to Plaintiffs' Counsel; (3) an order quashing all subpoenas with prejudice; (4) an order precluding Defendant from using any documents obtained in response to the

subpoenas in this or any other proceeding; (5) the destruction of any documents obtained in response to the subpoenas, with a certificate of destruction filed with the Court; (6) an award of the attorneys' fees and costs expended by Plaintiffs in litigating this motion; (7) punitive sanctions ordered against Defendant's counsel; and (8) a final warning to Defendant that the Court may enter non-monetary sanctions should Defendant continue to engage in communication directly with Plaintiffs in this case. (*Id.* at 5.)

Defendant filed a response to Plaintiffs' motion on May 3, 2016. (ECF No. 146.) On May 9, 2016, the Court granted Plaintiffs leave to file a reply, and Plaintiffs filed a reply on that same day. (ECF No. 151.) The Court is satisfied that the matter has been fully briefed and is ripe for disposition. The Court therefore finds that a hearing is unnecessary and would needlessly add to the costs of litigating the instant motion. For the reasons stated below, the Court will grant in part and deny in part Plaintiffs' motion for sanctions.

## IV. Discussion

Federal Rule of Civil Procedure 45 authorizes an attorney for a party to issue a subpoena requiring a non-party to appear at a deposition, produce electronically stored information, or produce other documents. FED.R.CIV.P. 45. Pursuant to Rule 45(a)(4), when a subpoena "commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." FED.R.CIV.P. 45(a)(4); *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D.Pa. 2010) ("A party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation."). "The essential purpose of notice is to afford

other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the party who served the subpoena." *Black v. Youngue*, 2014 U.S. Dist. LEXIS 175172, at *6-7 (W.D.Pa. Dec. 19, 2014) (internal quotations omitted).

Defendant does not dispute that it failed to provide notice to Plaintiffs' counsel before serving subpoenas on the third party mobile telephone carriers in violation of Rule 45. (ECF No. 146 at 2.) The attorney who executed and oversaw the preparation of the third party subpoenas on behalf of Defendant, Sarah J. Miley, Esq., filed a declaration wherein she states that a misunderstanding between her and a paralegal resulted in the subpoenas being served on the mobile carriers without prior notice being provided to opposing counsel. (ECF No. 146-1 ¶¶ 2-3.) Defendant therefore states that the failure to comply with Rule 45 was inadvertent. (*Id.* ¶ 13.)

Moreover, Defendant has taken steps to rectify the error. Attorney Miley stated that Defendant only received a response from one mobile carrier for one Plaintiff, and that Defendant's counsel did not review that response. (*Id.* ¶¶ 11-12.) In addition, on May 2, 2016, three days after having been informed by letter that opposing counsel had not received notice of the subpoenas, and after having confirmed that opposing counsel had not been sent notice of the third party subpoenas, Attorney Miley sent correspondence to the mobile carriers who had not yet responded, withdrawing the subpoenas and informing those mobile carriers that no documents should be produced. (*Id.* ¶¶ 4-14.) Defendant produced to Plaintiffs the subpoenas, letters withdrawing the subpoenas, and the mobile records for the one Plaintiff that were received by Defendant. (*Id.* ¶ 18.)

Defendant also disputes Plaintiffs' assertion that it was using the mobile carriers as a conduit to communicate directly with Plaintiffs in violation of the Pennsylvania Rules of

Professional Conduct, and states that it issued the subpoenas "for the sole purpose of obtaining relevant discovery regarding the date, time and length of Plaintiffs' work-related telephone calls." (ECF No. 146 at 5.)

In reply, Plaintiffs argue that "there are a number of factors that undermine [Defendant's] claim of inadvertent error." (ECF No. 151 at 1.) Plaintiffs argue that the circumstances surrounding Defendant's service of the subpoenas indicate that Defendant acted in bad faith and with the intent to intimidate potential class members from participating in the law suit. (*Id*. at 1-2.) Plaintiffs also argue that Defendant's attempt to distinguish cases that have imposed harsh sanctions is unsuccessful and unreasonable. (*Id*. at 2 n. 1.)

The Court finds that the harsh sanctions Plaintiffs seek would be inappropriate given the facts at hand. The Court credits the Declaration of Attorney Miley and finds that Defendant's violation of Rule 45 was not committed in bad faith. Therefore, the Court finds this case distinguishable from those cases cited by Plaintiffs in which the courts found that discovery violations were committed in bad faith and thus warranted the imposition of harsh sanctions, including attorneys' fees and monetary sanctions. *See, e.g., Black*, 2014 U.S. Dist. LEXIS, at *11 (finding bad faith and awarding sanctions where party was actively engaging in discovery, including acquiring documents, without court approval or notice to opposing counsel, as many as 40 days after discovery had closed); *Mid-Atl. Constructors, Inc. v. Stone & Webster Constr. Inc.*, 231 F.R.D. 465, 467-68 (E.D.Pa. 2005) (imposing sanctions after finding that Defendant's conduct was not inadvertent or negligent, but rather was intentional and undertaken in bad faith, when it served a subpoena after the discovery deadline and without notice to opposing counsel). *See also Coleman-Hill*, 271 F.R.D. at 555 (citing *In re Prudential Ins. Co. A. Sales Practice Litig. Agent*

*Actions*, 278 F.3d 175, 181 (3d Cir. 2002)) (noting that attorneys' fees may be awarded where the court finds that a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). The Court also finds that the subpoenas were issued for a proper discovery purpose and were not issued for the purpose of communicating with Plaintiffs in violation of the Pennsylvania Rules of Professional Conduct.

Nevertheless, the Court notes that any violation of Rule 45, regardless of whether it is committed in bad faith, is a serious violation of the federal rules which deprives opposing counsel of the important opportunity to inspect and object to third party subpoenas. Therefore, while the Court finds that attorneys' fees or punitive monetary sanctions would be disproportionate to the violation in this case, the Court finds that certain of Plaintiffs' requests for relief are warranted under the circumstances. *See Spencer v. Steinman*, 1999 U.S. Dist. LEXIS 23387 (E.D.Pa. March 1, 1999) (vacating imposition of attorneys' fees and monetary sanctions because petitioner did not knowingly or intentionally cause the violation to occur, but reaffirming the imposition of nonmonetary sanctions because petitioner's conduct was at least negligent).

The Court therefore finds that relief is proper as follows: (1) To the extent Defendant's counsel has not already done so, Defendant's counsel shall provide to Plaintiffs' counsel all subpoenas issued to Plaintiffs' mobile telephone carriers; (2) All such subpoenas shall be quashed without prejudice. However, the Court finding that Defendant's violation of Rule 45 was not committed in bad faith, and it being undisputed that the relevant material is discoverable, the Court denies Plaintiffs' request that these subpoenas be quashed with prejudice; (3) Defendant shall be precluded from using any documents obtained in response to

the subpoenas issued in violation of Rule 45 in this or any other proceeding; and (4) Defendant shall destroy any documents obtained in response to the subpoenas issued in violation of Rule 45 and Defendants shall file with the Court a certificate of destruction.

**V.     Conclusion**

For the reasons stated above, Plaintiffs' Emergency Motion for Sanctions is granted in part and denied in part. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC BOYINGTON, on behalf of himself )
and all others similarly situated, ) **CIVIL ACTION NO. 3:14-cv-90**
                  **Plaintiff,** )
                     ) **JUDGE KIM R. GIBSON**
    **v.** )
                     )
**PERCHERON FIELD SERVICES, LLC,** )
                     )
              **Defendant.** )

## ORDER

**AND NOW,** this __12th__ day of May, 2016, upon consideration of Plaintiffs' Emergency Motion for Sanctions (ECF No. 145), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

A. Plaintiffs' request for an emergency hearing on the issue of sanctions is **DENIED**;

B. To the extent Defendant has not already done so, Plaintiffs' request that Defendant provide to Plaintiffs' counsel all subpoenas issued to Plaintiffs' mobile telephone carriers is **GRANTED**. Defendant shall provide any such subpoenas within seven days of the entry of this order;

C. Plaintiffs' request that the subpoenas issued by Defendant in violation of Federal Rule of Civil Procedure 45 be quashed with prejudice is **DENIED IN PART**. These subpoenas are hereby quashed without prejudice to Defendant's ability to reissue them in compliance with FRCP 45(a)(4);

D. Plaintiffs' request that Defendant be precluded from using any documents obtained in response to the subpoenas issued in violation of FRCP 45(a)(4) is **GRANTED**. It is hereby ordered that Defendant shall not make any use of the documents obtained in violation of FRCP 45(a)(4) in this or any other proceeding;

E. Plaintiffs' request that Defendant be ordered to destroy any documents obtained in response to the subpoenas issued in violation of FRCP 45(a)(4) is **GRANTED**. It is hereby ordered that Defendant shall destroy any such documents and shall file a certificate of destruction with the Court within seven days of the entry of this order;

F. Plaintiffs' request for attorneys' fees and costs expended by Plaintiffs in litigating the motion for sanctions is **DENIED**;

G. Plaintiffs' request for a punitive sanction ordered against Defendant's Counsel for violation of Federal Rule of Civil Procedure 45(a)(4) and Pennsylvania Rule of Professional Conduct 42 is **DENIED**; and

H. Plaintiffs' request that the Court issue a final warning to Defendant is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**