# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC BOYINGTON,** *on behalf of himself and all others similarly situated,* )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**PERCHERON FIELD SERVICES, LLC,** )<br>)<br>**Defendant.** ) | Case No. 3:14-cv-90<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

**I.     Introduction**

Pending before the Court is the Motion for Partial Summary Judgment (ECF No. 193) filed by Plaintiff Eric Boyington ("Boyington"), on behalf of himself and others similarly situated. This Motion has been fully briefed by all parties (*see* ECF Nos. 194, 195, 196, 197, 205, 206, 207, 208, 209, 210) and is ripe for disposition.

This case is a hybrid collective/class action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. §§ 333.101-15. (ECF No. 1 ¶ 1.) Plaintiffs are current and former Right of Way Agents ("ROW Agents")[1] for Defendant Percheron Field Services, LLC ("Percheron"). Plaintiffs allege that Percheron improperly classified them as overtime-exempt employees and, thus, seek backpay for non-payment of overtime wages, liquidated damages, and reasonable attorneys' fees and costs under the FLSA. (*Id.* ¶¶ 1, 75.)

---

[1] ROW Agents provide support devices for projects such as land acquisitions and surveys.

In their Motion for Partial Summary Judgment, Plaintiffs ask the Court to enter judgment as a matter of law on two discrete issues: (1) whether Defendant made a judicial admission that Defendant misclassified the ROW Agents as overtime exempt prior to December 31, 2014 and (2) whether the Second Affirmative Defense asserted in Defendant's Amended Answer must be dismissed under the law of the case doctrine. For the reasons that follow, Plaintiffs' Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## II. Jurisdiction and Venue

The Court has jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over their related state law claims under 28 U.S.C. § 1367(a). Because a substantial part of the events underlying this case occurred in Altoona, Pennsylvania in the U.S. District Court for the Western District of Pennsylvania, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## III. Relevant Background[2]

The present Motion for Partial Summary Judgment was filed on October 14, 2016. (ECF No. 193.) Briefing concluded on this Motion on November 28, 2016. (*See* ECF Nos. 194, 195, 196, 197, 205, 206, 207, 208, 209, 210.)

This case has featured frequent and contentious disputes. Most relevant to the present Motion, the Court denied Defendant's Motion to Enforce Settlement Agreement (ECF No. 64) by Memorandum Opinion and Order of June 14, 2015. (ECF No. 96.) Shortly thereafter, on July

---

[2] Due to the extensive procedural history in this case and the parties' familiarity with the case, this background is narrowly constrained to the information relevant to deciding the present Motion for Partial Summary Judgment.

13, 2015, Defendant filed its Motion for Reconsideration or, in the Alternative, for Permission to File an Interlocutory Appeal (ECF No. 111), which the Court denied by Memorandum Opinion and Order of March 24, 2016. (ECF No. 141.)

The Court granted Plaintiffs' Motion to Conditionally Certify an FLSA Collective and to Facilitate Notice (ECF No. 45) by Memorandum Opinion and Order of June 16, 2015. (ECF No. 97). However, Plaintiffs' Motion for Class Certification (ECF No. 224) filed on March 31, 2017—but not scheduled to be fully briefed until November 15, 2017 (*see* ECF No. 249)—remains pending before the Court.

Defendant also filed two motions to strike (ECF Nos. 253, 254) on October 16, 2017, asking the Court to strike numerous declarations submitted by Plaintiffs in support of their Motion for Class Certification. (ECF No. 224). These motions to strike—the disposition of which could affect the Court's ruling on Plaintiffs' Motion for Class Certification (ECF No. 224)—await responsive briefing by Plaintiffs and are not yet ripe for disposition.

**IV. Discussion**

Plaintiffs' Motion for Partial Summary Judgment and accompanying briefs move for summary judgment on two matters. (*See* ECF Nos. 193, 194, 208.) First, Plaintiffs ask the Court to hold that, pursuant to the admissions of Defense Counsel, no overtime exemptions apply to any of the ROW Agents subject to this lawsuit for any overtime damages through December 31, 2014. (*See* ECF No. 194 at 1.) Second, Plaintiffs ask the Court to dismiss the Second Affirmative Defense asserted in Defendant's Amended Answer on the basis of the law of the case doctrine. (*See id.*)

The Court addresses each of these requests in turn.

### A. Defense Counsel's Admission Regarding Overtime Exemptions

#### 1. Plaintiffs' Arguments

Plaintiffs first argue that Defendant "has unequivocally admitted that no overtime exemptions apply to the opt-in plaintiffs" because of a judicial admission made by Defense Counsel. (*Id.* at 3.) At an oral argument before the Court on July 13, 2016, Defense Counsel stated:

> The defendant has waived its affirmative defenses associated with the classification of these individuals as exempt during the time period when they were paid on a day-rate basis. That's originally what this case was about. These folks were classified as exempt, but it was admitted that they were not paid a fixed salary for all hours worked through the end of 2014. And, as a result of that, Percheron acknowledges that it is liable for misclassification prior to December 31st, 2014, leaving the key factual dispute for this whole litigation to be the question of hours worked.

(ECF No. 196-1 at 11:8-17.) On the basis of this statement by Defense Counsel, Plaintiffs ask this Court to "rule that no overtime exemptions under the FLSA or PMWA apply to any of the Percheron ROW Agents, either in the FLSA collective action or in the proposed Rule 23 class, for any of the time periods worked through[3] December 31, 2014." (ECF No. 194 at 3.)

Plaintiffs also specifically assert that this judicial admission by Defense Counsel should apply to all potential Rule 23 class members—not only to Boyington—because such potential Rule 23 class members must be similarly situated to Boyington, must satisfy the typicality and other requirements of Rule 23, and must necessarily have the same employment and pay characteristics. (*Id.* at 4.) Lastly, Plaintiffs argue that, if the Court grants summary judgment as

---

[3] The Court notes that Defense Counsel's statement at oral argument used the phrase "prior to December 31st, 2014"—not "through December 31, 2014." (ECF No. 196-1 at 11:8-17.)

-4-

to Boyington, such a judgment would also apply to other ROW Agents under the doctrine of issue preclusion. (ECF No. 208 at 3-4.)

### 2. Defense Counsel's Verbal Admissions Are Binding on Defendant

As a preliminary consideration, the Court must determine whether the verbal admissions made by Defense Counsel at an oral argument may constitute a binding judicial admission.

Case law on this issue from the U.S. Court of Appeals for the Third Circuit and other Circuits is clear that an admission of counsel is binding on his or her client as long as such admissions are unequivocal. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972); *accord McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (holding that counsel's verbal admission at oral argument as to the enforceability of an agreement was a binding judicial admission just like any other formal concession made during the course of proceedings); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (holding that counsel's verbal admission at oral argument that the plaintiff failed to meet her burden of establishing diversity jurisdiction was a binding admission on the plaintiff); *Halifax Paving, Inc. v. United States Fire Ins. Co.*, 481 F. Supp. 2d 1331, 1336 (M.D. Fla. 2007) ("Statements made by an attorney during oral argument are binding judicial admissions and may form the basis for deciding summary judgment.").

Defendant does not contest this case law or the general principle that an unequivocal admission of counsel at oral arguments is binding on his or her clients. (*See* ECF No. 205.) Thus, the Court easily holds that unequivocal oral admissions made by a party's counsel at oral argument are binding on that party.

Furthermore, even beyond Defense Counsel's verbal admission at oral argument, in Defendant's Response to Plaintiffs' Concise Statement of Material Facts and Defendant's Concise Statement of Other Material Facts (ECF No. 206), Defendant admits both that it misclassified Boyington as an exempt employee under the FLSA and PMWA and that it misclassified ROW Agents as exempt employees under the FLSA and PMWA. (*See id.* at ¶¶ 4, 7.) Therefore, Defendant has clearly and unequivocally made multiple formal concessions that it misclassified Boyington and other ROW Agents as exempt employees under the FLSA and PMWA. And, by Defense Counsel's unequivocal admission, "Percheron acknowledges that it is liable for misclassification prior to December 31st, 2014, leaving the key factual dispute for this whole litigation to be the question of hours worked." (ECF No. 196-1 at 11:8-17.)

### 3. Rule 56 Permits the Court to Enter Summary Judgment on Defendant's Admission

While Defendant does not dispute the general principle that an unequivocal admission by counsel at oral arguments is binding on his or her clients, Defendant argues that Rule 56 does not permit the Court to enter summary judgment as to Defendant's admission. (*See* ECF No. 205 at 1-3.)

Citing 29 U.S.C. § 216(b), *Mell v. GNC Corporation*, No. 10-cv-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010), and *Rummel v. Highmark, Inc.*, Civil Action No. 3:13-cv-97, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013), Defendant states that FLSA and PMWA require a plaintiff to allege that: (1) the defendant engaged in commerce as defined by the FLSA, (2) the plaintiff was an employee as defined by the FLSA, and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours in excess of forty. (ECF

No. 205 at 2.) In reviewing these elements, Defendant concludes that "FLSA and PMWA do not require a plaintiff to prove the absence of overtime exemptions (*i.e.*, 'misclassification') as an element of his overtime claim." (*Id.*)

Therefore, because Defendant concludes that misclassification of Plaintiffs as overtime exempt is not one of these three elements, Defendant argues that "the presence or absence of potentially-applicable 'exemptions' to the overtime provisions of the FLSA and/or PMWA are simply not material to whether Plaintiff has established a prima facie case." (*Id.*) In essence, Defendant believes that Plaintiffs' request for summary judgment goes beyond the authorization of Rule 56 because Plaintiffs ask for judgment on something that is not a "claim" or "defense" or any "part" of a "claim" or "defense." (*Id.* at 1.) The Court disagrees with Defendant's narrow interpretation and application of Rule 56 and holds that Rule 56 authorizes the grant of partial summary judgment here.

First, Defendant can scarcely claim that whether "Percheron acknowledges that it is liable for misclassification prior to December 31st, 2014, leaving the key factual dispute for this whole litigation to be the question of hours worked" (ECF No. 196-1 at 11:8-17) is not relevant to this case. This admission may not squarely or fully satisfy one of the three elements of a cause of action under the FLSA or PMWA, but the tendency of this admission to make a finding regarding these elements more or less probable is clear to the Court. While Defendant may dispute the weight and importance of this admission, this admission is still a material fact in assessing the elements of the causes of action in this case, the credibility and weight of other evidence, and the defenses raised by Defendant.

Second, while Defendant correctly notes that its Amended Answer no longer asserts the affirmative defense that an overtime exemption is applicable to Boyington and the ROW Agents prior to December 31, 2014 (*see* ECF No. 205 at 2-3), the failure to raise the affirmative defense of the applicability of an overtime exemption in its Amended Answer does not necessarily foreclose Defendant's ability to raise this defense in the future. *See Antiskay v. Contemporary Graphics & Bindery, Inc.*, Civil No. 11-7579, 2013 WL 6858950, at *11-*22 (D.N.J. Dec. 26, 2013). In *Antiskay*, the U.S. District Court for the District of New Jersey concluded that the defendant was allowed to seek summary judgment on FLSA exemption even though the applicability of an overtime exemption was not raised as an affirmative defense in the defendant's answer. *See id.* The District of New Jersey first observed that the Third Circuit had not yet ruled on "the precise issue of whether a[n] FLSA exemption affirmative defense is waived if it is not specifically pled in the answer." *Id.* at *16-*17. The District of New Jersey then decided to follow the decisions of the two U.S. Courts of Appeals that have decided this issue—both of which held that "the technical failure to plead an FLSA exemption defense explicitly in the pleadings is not fatal to the employer's ability to assert it in the litigation and have the Court reach the merits of the defense." *Id.* at *17 (citing *Schmidt v. Eagle Waste & Reclycing, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010); *Bergquist v. Fidelity Info. Servs., Inc.*, 197 F. App'x 813, 815-16 (11th Cir. 1988)).

While the Court does not now hold that a party does not waive the affirmative defense of an overtime exemption even if that defense is not raised in the party's answer,[4] the Court

---

[4] Instead, if an un-pleaded affirmative defense such as the overtime exemption were raised at a later time, the Court would apply the Third Circuit's established standard, i.e., the Court would focus on whether the party against whom this affirmative defense is latently raised would suffer undue prejudice and unfair surprise and whether that party had the opportunity to rebut that defense or to alter litigation

recognizes that Defendant could attempt to resurrect the affirmative defense of an overtime exemption at a later time and has a reasonable basis in the case law cited *supra* for doing so. Moreover, despite withdrawing the affirmative defense of an overtime exemption originally asserted in its Answer from its Amended Answer (*compare* ECF No. 36 at 13 *with* ECF No. 136), Defendant's Amended Answer continues to deny Plaintiffs' allegations regarding misclassification. (*See* ECF No. 32 ¶¶ 31, 44; ECF No. 136 ¶¶ 31, 44.) Especially given Defendant's continued denials of the underlying facts in its Amended Answer and Defendant's opposition to the present Motion for Partial Summary Judgment despite Defendant's repeated and sometimes colorful[5] assertions as to the irrelevancy and unimportance of the issue, it certainly is not unreasonable to seek summary judgment as to a defense that has been unequivocally precluded by Defendant's judicial admissions. Granting summary judgment on this judicial admission simplifies the litigation and, as Defense Counsel stated in Defendant's judicial admission,[6] narrows the future considerations of this case to the issues that are actually in dispute, e.g., "the question of hours worked." (ECF No. 196-1 at 11:8-17.)

Federal Rule of Civil Procedure 56(a) expressly permits a party to "move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Clearly, this judicial admission directly

---

strategy accordingly. *See In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) (citing *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)).

[5] Beyond asserting that this issue is "irrelevant," "not material," "a nonissue," and "does not pertain" to any element of a claim or defense, Defendant also colorfully argues to the Court that "Plaintiff may as well have moved for summary judgment on the question of whether the sun comes up in the morning." (ECF No. 205 at 3.)

[6] "And, as a result of that, Percheron acknowledges that it is liable for misclassification prior to December 31st, 2014, leaving the key factual dispute for this whole litigation to be the question of hours worked." (ECF No. 196-1 at 11:8-17.)

precludes the defense of an overtime exemption and, thus, granting summary judgment is appropriate under Rule 56. Therefore, the Court grants Plaintiffs' Motion for Partial Summary Judgment to the extent it asks for summary judgment regarding the judicial admission made by Defendant and precludes the affirmative defense of the applicability of an overtime exemption prior to December 31, 2014. However, this grant of summary judgment applies only to Boyington and the opt-in plaintiffs properly and currently before the Court.[7]

4. **The Court Will Not Render an Advisory Opinion as to Whether Defendant's Admissions Are Applicable to All Potential Rule 23 Class Members or Whether Issue Preclusion Hypothetically Applies**

Plaintiffs also ask the Court to extend this grant of summary judgment regarding Defense Counsel's admissions to all ROW Agents and all potential Rule 23 class members. (ECF No. 194 at 4-5.) Additionally, Plaintiffs argue that, if the Court grants summary judgment as to Boyington, such a judgment would also apply to other ROW Agents under the doctrine of issue preclusion. (ECF No. 208 at 3-4.) The Court denies both of these requests.

The Court will not preemptively rule on issues and parties not properly and currently before the Court. Article III of the U.S. Constitution restricts the power of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" or give "opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165, 171-72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Plaintiffs ask the Court to apply our current holding to potential parties not yet litigants in this case and

---

[7] That is, those who filed and did not withdraw written consent to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

to decide whether issue preclusion hypothetically applies to all ROW Agents any time this issue is raised in the future. The Court cannot and will not do so.

### B. The Second Affirmative Defense of the Amended Answer

#### 1. Plaintiffs' Argument

Plaintiffs next argue that Defendant's Second Affirmative Defense, which contends that there is "a binding settlement agreement" with Boyington, has already been disposed of by the Court's Memorandum Opinion and Order of June 15, 2015. (ECF No. 194 at 5.) Plaintiffs argue that, under the law of the case doctrine, the Court's prior decision lasts the duration of the case and precludes Defendant from re-litigating the issue. (*Id.*)

The Court agrees with Plaintiffs.

#### 2. The Law of the Case Doctrine

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). Courts have developed the law of the case doctrine "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Bellevue Drug Co. v. CaremarksPCS (In re Pharm. Benefit Managers Antitrust Litig.)*, 582 F.3d 432, 439 (3d Cir. 2009).

The law of the case doctrine provides that decisions of law issued in the course of a legal action should not be revisited or overturned unless there are "extraordinary circumstances," namely that the initial decision was "clearly erroneous and would make a manifest injustice,"

the availability of new evidence, the announcement of a new supervening law, the desire to clarify an earlier ambiguous ruling, or the need to avoid an unjust result. *See id.*

### 3. The Second Affirmative Defense is Barred by the Law of the Case

Defendant filed its Motion to Enforce Settlement Agreement on November 12, 2014. (ECF No. 64.) The Court denied this Motion by Memorandum Opinion and Order of June 14, 2015. (ECF No. 96.) Both parties have expended considerable effort to construe the exact wording of that Memorandum Opinion and Order to their benefit. In particular, Defendant has excerpted specific portions of the Court's decision that seemingly align with Defendant's arguments. The Court will not spend its time responding to the parties' various interpretations and out-of-context quotations of this prior decision because the Court's decision on Defendant's Motion to Enforce Settlement Agreement speaks for itself. (*See id.*) However, for the purposes of resolving the present Motion for Summary Judgment, the Court concludes that its prior decision unambiguously held that the purported settlement agreement was invalid as a matter of law. Thus, the law of the case doctrine precludes re-litigation of this issue, *see Bellevue*, 582 F.3d at 439, and the Court holds that the Second Affirmative Defense is dismissed with prejudice.

While the parties seek to construe various specific excerpts of the Court's prior decision to their advantage, the holding of the Court's prior decision is clear: the purported settlement agreement lacked sufficiently definite terms to constitute an enforceable contract. (*See* ECF No. 96.) The Court clearly held that "[t]he precise terms of the agreement allegedly reached between Plaintiff and Defendant are not sufficiently definite, and it appears to the Court that

Defendant attempted to subvert the class action by offering to settle the case before giving the Court a chance to rule on the motion to certify the class conditionally." (ECF No. 96 at 7.)

The Court considered both Asa Bowers, the Chief Executive Officer of Defendant's parent entity, and Boyington's sworn declarations and, regardless of the two declarations' opposing views on whether there was mutual assent to the purported settlement agreement, neither declaration established sufficiently definite terms to constitute a valid settlement agreement as a matter of law. (*Id.* at 5.) Accordingly, the Court unequivocally stated, "Defendant's motion to enforce the settlement shall be denied because the Court is not satisfied that Defendant entered into a binding agreement with Plaintiff on October 31, 2014."[8] (*Id.*)

Defendant offers two final arguments in favor of re-re-litigation[9] of this issue. First, Defendant argues that it should be permitted to develop "facts through discovery to support its assertion that there was a binding and enforceable settlement agreement." (ECF No. 205 at 7.) In support of this argument, Defendant cites a number of cases that it suggests stand for the proposition that the law of the case doctrine does not preclude re-litigation of an issue when it was decided on an undeveloped and incomplete factual record that can be subsequently

---

[8] The Court also equated Defendant's purported settlement to the "picking off" scenario in *Weiss v. Regal Collections*, 385 F.3d 337, 349 (3d Cir. 2004) because "Defendant used the offer of settlement here to thwart the class action before the certification question could be decided by this Court." (ECF No. 96 at 6-7.) The Court specified that "Defendant's action in making an offer of settlement was an impermissible attempt to settle this case before giving the Court an opportunity to rule on the motion to certify the class conditionally." (*Id.* at 7.) However, as correctly noted by Defendant, in the Court's decision (ECF No. 141) on Defendant's Motion for Reconsideration or, in the Alternative, for Permission to File an Interlocutory Appeal (ECF No. 111), the Court later clarified that this second basis for holding that the purported settlement agreement is invalid is largely irrelevant because the Court based its decision on the lack of sufficient terms to the alleged settlement agreement. (ECF No. 141 at 4-5.)

[9] The Court already reconsidered the enforceability of the purported settlement agreement in denying Defendant's Motion for Reconsideration or, in the Alternative, for Permission to File an Interlocutory Appeal. (ECF Nos. 111, 141.)

developed and completed in discovery. *See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 424 (S.D.N.Y. 2010); *Martaschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013); *McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000); *S.C. v. Deptford Twp. Bd. of Educ.*, No. 01-5127, 2006 WL 1784591, at *14 (D.N.J. June 23, 2006) (citing *Lodato v. Ortiz*, 314 F. Supp. 2d 379, 388 n.5 (D.N.J. 2004)); *Clalit Health Serv. v. Israel Humanitarian Found.*, 385 F. Supp. 2d 392, 398 n.8 (S.D.N.Y. 2005); *Krys v. Aaron*, 106 F. Supp. 3d 472, 480-81 (D.N.J. 2015); *United States v. Richardson*, 583 F. Supp. 2d 694, 710 (W.D. Pa. 2008); *Williams v. Hilton Group, PLC*, 216 F. Supp. 2d 324, 331 (W.D. Pa. 2003).

All of the cited cases are distinguishable from the present case. Unlike our decision on the enforceability of this purported settlement agreement, many of the cases cited by Defendant involved initial decisions on motions to dismiss or discovery motions and were made under the assumption that discovery would uncover additional facts upon which a further ruling could be made. *See Pure Power*, 759 F. Supp. 2d at 425 (holding that the law of the case doctrine did not apply because the issue was decided in the context of a discovery issue before the substantive claims were before the court); *Maraschielleo*, 709 F.3d at 97 (reconsidering a decision that was made solely on the basis of the allegations in the complaint); *McKenzie*, 219 F.3d at 513 (holding that a prior appellate decision that a complaint was improperly dismissed for lack of subject matter jurisdiction did not act as law of the case in a subsequent summary judgment motion on remand); *Clalit*, 385 F. Supp. 2d at 398 n.8 (holding that a prior decision on a motion to dismiss as to the intention of the testator was not binding on a decision on a motion for summary judgment). The denial of a motion to dismiss based only on the allegations of the Complaint is easily distinguishable from our holding, which was based on sworn declarations and made as a

matter of law,[10] that "[t]he precise terms of the agreement allegedly reached between Plaintiff and Defendant are not sufficiently definite." (ECF No. 96 at 7.)

The remaining cases cited by Defendant are likewise inapposite. *See S.C. Deptford*, 2006 WL 1784591, at *41 (holding that the prior decision was clearly erroneous); *Richardson*, 583 F. Supp. 2d at 710 (holding that the law of the case doctrine was applicable); *Williams*, 216 F. Supp. 2d at 331 (holding that the issue asserted was not directly addressed in the prior decision). Defendant hopes to use this latter group of cases to show that, even if the law of the case doctrine applies, the Court can still review our prior judgment because of the "extraordinary circumstance" of new evidence. (ECF No. 205 at 8-9.) However, Defendant fails to identify any newly discovered evidence. To the contrary, Defendant, without any explanation, asserts that "there would be new evidence surrounding the settlement agreement if Defendant were allowed to pursue discovery on this issue." (*Id.* at 9.)

The Court has already held that the purported settlement agreement is not valid due to its insufficiently definite terms. The Court will not revisit the issue and allow further discovery. *See Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 497 (D.N.J. 2015) (holding that discovery on a jurisdictional challenge was not required where plaintiff did not demonstrate "even a possibility that discovery would uncover facts" that would establish the issue). As in *Wright*, Defendant has not identified any way in which discovery would change the outcome of the Court's ruling or change the sworn declarations upon which the Court made its decision. *See id.* The Court's decision was not simply a preliminary ruling based on allegations in

---

[10] *See Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009) (stating that whether terms of a purported contract are sufficiently definite is a question of law).

pleadings. Rather, the Court decided that the purported settlement agreement was not enforceable based upon sworn declarations by the only two persons privy to the alleged settlement agreement. Furthermore, Defendant has provided no explanation as to how or why additional discovery would alter the information provided by the declarations of Boyington or Asa Bowers, the Chief Executive Officer of Defendant's parent entity who made the phone calls during which the settlement discussions took place.

After considering the sworn declarations of the only two persons participating in the settlement discussions on the phone, the Court unambiguously held that the purported settlement agreement is unenforceable because, as a matter of law, this purported agreement lacks sufficiently definite terms. (*See* ECF No. 96.) The Court also denied Defendant's prior request to reconsider that ruling. (*See* ECF No. 141.) Under the law of the case doctrine, the Court's prior decision as to the lack of definite terms and unenforceability of the purported settlement agreement was made as a matter of law and governs that same issue throughout this case. *See Mukasey*, 534 F.3d at 187 (citing *Christianson*, 486 U.S. at 816). The Court will not reconsider this matter that has already been decided in a prior decision and reconsidered in a separate prior decision. *See Bellevue*, 582 F.3d at 439. Moreover, no "extraordinary circumstances" exist to justify revisiting or overturning the Court's prior decision. *See id.*

Plaintiff's request for summary judgment as to the Second Affirmative Defense of the Amended Answer is granted and the Second Affirmative Defense of the Amended Answer is dismissed with prejudice.

**V. Conclusion**

For the foregoing reasons, the Court grants Plaintiffs' Motion for Partial Summary Judgment (ECF No. 193) to the extent that it asks for summary judgment regarding the judicial admission made by Defendant[11] and precludes the affirmative defense of the existence of an overtime exemption prior to December 31, 2014. However, this grant of summary judgment applies only to Boyington and the opt-in plaintiffs who are presently litigants before the Court.

The Court also grants Plaintiffs' Motion for Partial Summary Judgment (ECF No. 193) in regard to the Second Affirmative Defense of the Amended Answer and dismisses the Second Affirmative Defense with prejudice.

In any and all other regards, Plaintiffs' Motion for Partial Summary Judgment is denied. In particular, the Court cannot and will not preemptively decide whether Defendant's judicial admission regarding its misclassification of the ROW Agents as overtime exempt employees applies to hypothetical future parties or whether issue preclusion extends the Court's judgment to future cases or parties.

A corresponding order follows.

---

[11] That judicial admission being:
> The defendant has waived its affirmative defenses associated with the classification of these individuals as exempt during the time period when they were paid on a day-rate basis. That's originally what this case was about. These folks were classified as exempt, but it was admitted that they were not paid a fixed salary for all hours worked through the end of 2014. And, as a result of that, Percheron acknowledges that it is liable for misclassification prior to December 31st, 2014, leaving the key factual dispute for this whole litigation to be the question of hours worked.

(ECF No. 196-1 at 11:8-17.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, *on behalf of himself and all others similarly situated,* | ) ) ) | Case No. 3:14-cv-90 |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

NOW, this __8th__ day of November 2017, upon consideration of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 193) and for the reasons set forth in the Memorandum Opinion accompanying this order, it is **HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 193) is **GRANTED** to the extent it asks for summary judgment regarding the judicial admission made by Defendant and precludes the affirmative defense of the existence of an overtime exemption prior to December 31, 2014. However, this grant of summary judgment applies only to Eric Boyington and the current opt-in Plaintiffs.

2. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 193) is also **GRANTED** in regard to the Second Affirmative Defense of the Amended Answer and dismisses the Second Affirmative Defense with prejudice.

3. Plaintiffs' Motion for Partial Summary Judgment is **DENIED** in all other regards.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE