IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BOYINGTON, *on behalf of himself and all others similarly situated,* )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PERCHERON FIELD SERVICES, LLC, )<br>)<br>Defendant. ) | Case No. 3:14-cv-90<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is the Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses (ECF No. 243) filed by Plaintiff Eric Boyington ("Boyington"), on behalf of himself and others similarly situated. This Motion has been fully briefed by all parties (*see* ECF Nos. 243, 244, 247) and is ripe for disposition.

This case is a hybrid collective/class action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. §§ 333.101-15. (ECF No. 1 ¶ 1.) Plaintiffs are current and former Right of Way Agents ("ROW Agents")[1] for Defendant Percheron Field Services, LLC ("Percheron"). Plaintiffs allege that Percheron improperly classified them as overtime-exempt employees and, thus, seek backpay for non-payment of overtime wages, liquidated damages, and reasonable attorneys' fees and costs under the FLSA. (*Id.* ¶¶ 1, 75.)

---

[1] ROW Agents provides support devices for projects such as land acquisitions and surveys.

In their Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses, Plaintiffs request that the Court re-open discovery and compel responses to discovery requests regarding the departure of Shannon Gwin and Scott Gwin (collectively "the Gwins")[2] from employment with Percheron. More specifically, Plaintiffs ask that the Court order that Percheron respond, within 30 days of service, to a set of interrogatories and requests for production of documents (*see* ECF No. 243-5) on the limited subject of the departure of the Gwins from employment with Percheron. (ECF No. 243 at 10.)

For the reasons that follow, Plaintiffs' Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses is **GRANTED IN PART** and **DENIED IN PART**.

### II. Jurisdiction and Venue

The Court has jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over their related state law claims under 28 U.S.C. § 1367(a). Because a substantial part of the events underlying this case occurred in the U.S. District Court for the Western District of Pennsylvania, venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2).

### III. Relevant Background[3]

Under the Court's Case Management Order of November 1, 2016, Plaintiffs were ordered to "complete all depositions pertinent to any further dispositive motions as well as

---

[2] The Gwins are husband and wife.
[3] Due to the extensive procedural history in this case and the parties' familiarity with the case, this background is narrowly constrained to the background relevant for deciding the present Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses.

their Motion for Class Certification by March 1, 2017." (ECF No. 203 at ¶ 2.a.) This discovery deadline of March 1, 2017 was never amended.

Pursuant to this Case Management Order, Plaintiffs took the depositions of the Gwins on February 1, 2017. (ECF No. 247 at 4.) Shannon Gwin was the Percheron project manager on the eastern part of a Sunoco pipeline project known as Mariner East 2, Segment 3 on which many of the opt-in Plaintiffs worked; Scott Gwin was an ROW Agent under Shannon Gwin. (ECF No. 243 at 1-3.) However, at some time shortly after Plaintiffs took these depositions, the Gwins' employment with Percheron ended, and, according to Facebook and LinkedIn posts located by Plaintiffs, the Gwins moved to Louisiana and began operating "Friendly Farms Pet Retreat, LLC" in Baskin, Louisiana. (*Id.* at 1, 5-6.) The exact date of the Gwins' departure from Percheron and move to Louisiana is unknown to Plaintiffs, but, again, based on content posted on Facebook and LinkedIn, Plaintiffs infer that the date is presumably in the range of March 2017 to July 2017. (*Id.* at 6.)

Plaintiffs allege that they have heard "reports" that the cause of the Gwins' departure from Percheron was the Gwins' involvement with "improper and/or illegal" arrangements with landowners on the Mariner East 2, Segment 3 project. (*Id.*) Plaintiffs asked Defendant to consent to further depositions and discovery regarding the Gwins' departure; Defendant refused and has provided no other explanation regarding the Gwins' apparently voluntary resignation from Percheron. (*Id.* at 7-8.)

Having failed to amicably resolve this dispute, Plaintiffs filed their Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses and accompanying exhibits on August 16, 2017. (ECF No. 243). In response, Defendant filed its

Opposition to Plaintiffs' Motion to Re-Open Discovery and accompanying exhibits on August 24, 2017. (ECF No. 244.) Lastly, Plaintiffs filed their Reply Brief in Support of Plaintiffs' Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses on August 30, 2017. (ECF No. 247.)

IV. Discussion

### A. Overview

Plaintiffs ask the Court to reopen discovery and to order Defendant to provide complete responses to the set of interrogatories and the request for documents contained in Exhibit E to Plaintiffs' Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses. (*See* ECF No. 243.)

The Court analyzes this request under Rule 16(b)(4) and Rule 26(b). *See* Fed. R. Civ. P. 16(b)(4); Fed R. Civ. P. 26(b).

### B. Plaintiffs Have Demonstrated Good Cause to Modify the Court's Case Management Order under Rule 16(b)(4)

To reopen discovery as Plaintiffs request, the Court must modify the Case Management Order of November 1, 2016. (*See* ECF No. 203 at ¶ 2.a.) Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see In re Chocolate Confectionary Antitrust Litigation*, Civil Action No. 1:08-MDL-1935, 2013 WL 3873225, at *2 (M.D. Pa. July 25, 2013) ("[The authority to modify a scheduling order under Rule 16(b)(4)] extends to requests to reopen discovery."). "[T]he existence of 'good cause' turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery

-4-

extension' and (3) any other factors the trial court, in its discretion, determines to be relevant."
*Wilson v. TA Operating, LLC*, No. 4:14-cv-00771, 2016 WL 4974966, at *1 (M.D. Pa. June 14, 2016) (citing *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (Fischer, J.)). Moreover, in the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Courtney v. Ivanov*, Civil Action No. 3:13-cv-227, 2016 WL 1367755, at *2 (W.D. Pa. Apr. 6, 2016) (Gibson, J.); *see also Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, No. 09-CV-236, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *In re Paulsboro Derailment Cases*, Civil No. 13-784, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotations omitted). Ultimately, the decision whether to reopen discovery is committed to the sound and broad discretion of the district court. *Chocolate*, 2013 WL 3873225, at *2 (citing *LeBoom v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007); *Sempier v. Johnson Higgins*, 45 F.3d 724, 734 (3d Cir. 1995)).

Here, Plaintiffs learned that the Gwins left the employ of Percheron in approximately March to July 2017—after Plaintiffs deposed the Gwins in February 2017. (ECF No. 243 at 1; ECF No. 243-4.) Plaintiffs discovered this information evidently from Facebook and LinkedIn information and potentially from "reports"/rumors about the Gwins' departure from Percheron. (ECF No. 243 at 5-6.) Defendant did not disclose this information and has refused to provide Plaintiffs with any additional discovery or explanation for the Gwins' departure. (*Id.* at 6-10.) After learning of the Gwins' exodus from Percheron and failing to amicably resolve this dispute with Defendant in late July and early August (*see id.*; ECF No. 243-4), Plaintiffs filed the present

Motion on August 16, 2017. (*See* ECF No. 243.) Upon consideration of these and the other circumstances surrounding the present Motion, the Court is satisfied that Plaintiffs have demonstrated "good cause" for the modification of the Case Management Order under Rule 16(b)(4).

Looking at the considerations enumerated *supra*, first, Plaintiffs acted with due diligence in asking the Court to reopen discovery. *See Wilson*, 2016 WL 4974966, at *1 (citing *Trask*, 298 F.R.D. at 267). After discovering, in late July, that the Gwins left Percheron, Plaintiffs' Counsel promptly communicated with Defense Counsel and, when it became clear that the parties could not resolve the matter without the Court's intervention, Plaintiffs promptly filed the present motion on August 16, 2017. Furthermore, Defendant's conduct likely contributed to any delay that occurred in asking for a modification of the scheduling order. *See Wilson*, 2016 WL 4974966, at *1 (citing *Trask*, 298 F.R.D. at 267). Defendant failed to disclose to Plaintiffs that the Gwins employment with Percheron ended, *see* Fed. R. Civ. P. 26(e), and did not respond to Plaintiffs' attempts to resolve this matter with haste. (*See* ECF No. 243 at 1; ECF No. 243-4.) Thus, Defendant contributed to any delay that may have occurred in Plaintiffs' filing of the present Motion.

Second, Defendant suffers little prejudice from this limited request for the extension of discovery. *See Wilson*, 2016 WL 4974966, at *1 (citing *Trask*, 298 F.R.D. at 267). Defendant argues that they suffer great prejudice because of (1) the cost of depositions, (2) the Gwins' relocation to Louisiana making depositions inconvenient and expensive, (3) generalized delay in the proceedings, and (4) taking time away from Defendant's ability to prepare its opposition to class certification. (ECF No. 244 at 3-4.) However, Defendant's arguments misconstrue

Plaintiffs' request. Plaintiffs seek discovery in the form of a set of interrogatories and a request for the production of documents. (*See* ECF No. 243 at 10; ECF No. 243-1.) Responses to the interrogatories and document requests certainly come with some expenses, but that cost is relatively low and significantly lower than that of re-depositions. Additionally, these discovery requests are being made to Defendant—not to the Gwins—making the Gwins' geographical distance much less of a burden. In regard to Defendant's fear of prejudice from a generalized delay, this case has featured substantial and frequent delays from both parties; the passage of an additional 30 days of time when, by agreement of the parties, the Plaintiffs' reply brief on the Motion for Class Certification is not due until December 18, 2017 and Defendant's reply briefs in support of four motions currently pending before the Court (ECF Nos. 250, 252, 253, 254)—the disposition of which may affect the Court's decision on the Motion for Class Certification—are not due until January 19, 2018 is not overly prejudicial. (*See* ECF No. 265.) Finally, in regard to Defendant's purported prejudice in regard to taking up Defense Counsel's time and prejudicing Defendant's opposition to class certification, even if the Court accepted the validity of this argument—which the Court does not, Defendant already filed its Memorandum in Opposition to Plaintiffs' Motion for Class Certification on October 16, 2017 (*see* ECF No. 258) and, because of the Court granting Defendant ample extensions, Defendant had 199 days (i.e., approximately 6 months and 16 days) to respond. Thus, Defendant's claim of prejudice in the form of insufficient time to prepare its opposition to the Motion for Class Certification is rejected.

Third, the Court finds that the circumstances of the Gwins' departure merit modification of the Case Management Order. *See Wilson*, 2016 WL 4974966, at *1 (citing *Trask*, 298 F.R.D. at 267). As Plaintiffs note, the primary issue in this case is the number of hours worked by

Plaintiffs—the determination of which relies largely on the credibility of the various witnesses because of Defendant's failure to keep proper time records. *See Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297 (3d Cir. 1991) (quoting *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687-88 (1946)). Therefore, the credibility of Plaintiffs' witnesses, especially a key Percheron manager such as Shannon Gwin, carries unusual importance in this case. Two of Defendant's primary witnesses suddenly ended their long-term and highly profitable employment with Defendant shortly after they were deposed in this case and moved to Louisiana to open a small pet business. Moreover, Defendant's refusal to offer any explanation whatsoever for the Gwins' sudden departure, despite frequent inquiries by Plaintiffs and the existence of "reports"/rumors that the Gwins terminated their employment due to improper or illegal conduct on the project on which Plaintiffs worked, provide sufficient bases to justify limited additional discovery. Plaintiffs have no other access to this information other than through Defendant or the Gwins, sought to amicably resolve the dispute with Defendant, and, then, quickly filed the present Motion with the Court. Plaintiffs request only limited discovery in the form of eight total pages—including definitions, instructions, and ample space for Defendant's responses—of interrogatories and document requests for Defendant. (*See* ECF No. 243-4.) The Court finds these circumstances to be relevant factors in the determination of whether "good cause" is present to modify the Case Management Order. *See Wilson*, 2016 WL 4974966, at *1 (citing *Trask*, 298 F.R.D. at 267).

Lastly, the Court finds "good cause" here because Plaintiffs learned the facts supporting this Motion after the expiration of the discovery period and after the depositions of the Gwins

occurred. *See Courtney*, 2016 WL 1367755, at *2; *Partners Coffee*, 2010 WL 1726829, at *3; *Paulsboro*, 2015 WL 6163951, at *1.

In sum, the Court holds that Plaintiffs have satisfied their burden under Rule 16(b)(4) to demonstrate "good cause" to modify the Case Management Order and allow discovery to be reopened on the narrow topic of the Gwins' departure through a set of interrogatories and document requests.

### C. Plaintiffs Satisfy the Requirements of Rule 26(b)

Beyond satisfying the requirements of Rule 16(b)(4), Plaintiffs must also satisfy the requirements of Rule 26(b) via Rule 33(a) and Rule 34. The Court finds that Plaintiffs satisfy these requirements.

Defendant argues that Rule 30(a)(2) requires the Court to deny Plaintiffs' Motion because the requested depositions are outside of the scope of discovery as contemplated by Rule 26(b). (*See* ECF No. 244.) As a preliminary matter, the Court notes that Defendant incorrectly cites to Rule 30(a)(2), pertaining to depositions, when Plaintiffs seek only additional interrogatories and documents—not additional depositions. Thus, because additional interrogatories and requests for the production of documents are at issue, the relevant rules are Rule 33(a) and Rule 34 respectively—not Rule 30(a)(2). Nevertheless, this distinction is of little significance in this specific situation because, much like Rule 30(a)(2), Rule 33(a) and Rule 34 require that interrogatories be consistent with Rule 26(b).

Looking first at the requirements of Rule 26(b)(1), the permissible scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As the Court discussed *supra*, the underlying information sought regarding the Gwins' departure is of great relevance and importance to this case because the number of hours worked by Plaintiffs is the primary factual issue in dispute, making the credibility of the Gwins, especially Shannon Gwin as a manager, a matter of great significance. Moreover, Defendant and the Gwins—not Plaintiffs—have access to this information and the burden and expense of additional interrogatories and production of documents appears, at least on its face, to be relatively low. Therefore, the Court holds that the requirements of Rule 26(b)(1) are met.

Looking next at the requirements of Rule 26(b)(2), for the same reasons discussed *supra*, the Court finds that the additional interrogatories requested by Plaintiffs are not unreasonably cumulative or duplicative; cannot be obtained from some other source that is more convenient, less burdensome, or less expensive; and are not outside of the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C).

In sum, the Court holds that Plaintiffs' request for additional interrogatories regarding the Gwins' departure from Percheron satisfies the requirements of Rule 33(a), Rule 34, and Rule 26(b).

### D. Plaintiffs Did Not Waive the Ability to Argue that Outside Credibility Evidence is Relevant to the Substantive Issues in this Litigation

Percheron also argues that, because Plaintiffs' counsel made a formal objection to a question regarding the credibility of Shannon Gwin at her deposition, Plaintiffs have "waived"

any argument that outside credibility evidence is relevant to the substantive issues in this litigation. (*See* ECF No. 244 at 4-5.) Percheron offers no authority to support this argument, and this argument is wholly unpersuasive to the Court.

Waiver is generally defined as the voluntary and intentional relinquishment or abandonment of a known legal right or advantage. *See Novartis Pharms. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 396, 398 (D. Del. 2002); *Waiver, Black's Law Dictionary* (10th ed. 2014). Waiver can also be "established by conduct inconsistent with claiming the waived right or any action or failure to act evincing an intent not to claim the right." *Evco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188, 195 (3d Cir. 1987).

Percheron has presented no evidence to suggest that Plaintiffs expressly waived their right to assert a defense or make any argument about the Gwins or their credibility. Thus, Percheron, in essence, argues that Plaintiffs implicitly waived their right to make such arguments by the conduct of Plaintiffs' counsel in making formal objections at Shannon Gwin's deposition. This argument is unpersuasive.

First, the conduct of Plaintiffs' counsel at Shannon Gwin's deposition does not appear to imply such a waiver, especially because the individual Plaintiffs have answered questions about the circumstances surrounding their "termination" from employment and their circumstances before and after their employment with Percheron. (*See* ECF No. 247-1.)

Second, no case law or other authorities stand for the proposition that a single objection made by counsel during a deposition constitutes a waiver of any right or even of the ability to make any later argument—even a contradictory argument. As a practical matter, if a single objection during a deposition constituted a waiver of a right or a bar on making a future

argument, the ability of attorneys to make timely, on-the-spot objections during fast-paced depositions or to amicably resolve issues in discussions with opposing counsel—on or off the record—during the discovery process would be severely hampered for fear of waiving substantial rights and arguments for the remainder of the litigation. This concern bears particular significance during discovery, when the evidentiary record is still developing and the applicability of certain theories and arguments remains uncertain.

Third, the potential credibility concerns regarding the Gwins' departure from Percheron arose only after the deposition of the Gwins had already concluded. Plaintiffs can scarcely voluntarily and intentionally relinquish their right to argue that the Gwins' credibility is diminished by their sudden and unexplained departure from Percheron, when Plaintiffs were not yet aware of the Gwins' departure or the circumstances surrounding that departure.

Therefore, the single objection made by Plaintiffs' counsel at Shannon Gwin's deposition does not constitute a waiver of any right or the ability to make any argument in the future.

### E. The Court Will Not Preemptively Grant Plaintiffs' Motion to Compel

In addition to their request for this Court to reopen discovery and to allow them to issue an additional set of interrogatories and requests for the production of documents, Plaintiffs also ask the Court to issue an order compelling Defendant to provide full and complete responses to Plaintiffs' new discovery requests within 15 days. (*See* ECF No. 243 at 10.) While the Court will allow Plaintiffs to propound its interrogatories and request documents regarding the Gwins' departure after the close of fact discovery, the Court will not preemptively issue an order compelling Percheron to respond to these interrogatories or to produce documents.

Under the Federal Rules of Civil Procedure, discovery is a party-driven process, requiring Court involvement only when necessary. *See Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010). The Court will not assume that Percheron will refuse to comply with the Federal Rules of Civil Procedure by refusing to respond or object, as appropriate, to the set of interrogatories and document requests issued by Plaintiffs regarding the Gwins' departure. *See Pyle v. Selective Ins. Co. of Am.*, 2:16-cv-335, 2016 WL 5661749, at *1 (W.D. Pa. Sept. 30, 2016) (McVerry, J.) (holding that the Court would not preemptively compel Plaintiffs to comply with requests for documents under Rule 34).

The Court fully expects that Percheron will comply with its discovery obligations under federal law and, specifically, with Rule 33 and Rule 34. *See* Fed. R. Civ. P. 33; Fed. R. Civ. P. 34. Plaintiffs can, of course, raise the issue again if Percheron fails to timely comply with its discovery obligations. *See Pyle*, 2016 WL 5661749, at *1.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses. (ECF No. 243.)

Specifically, the Court re-opens discovery on a limited basis to allow Plaintiffs to submit a set of interrogatories and requests for production of documents on the subject of the Gwins' departure from employment with Percheron. However, the Court will not preemptively issue an order compelling Percheron to appropriately respond to these new discovery requests. Pursuant to Rule 33(b)(2) and Rule 34(b)(2)(A), Percheron must serve its answers and/or any

objections within 30 days after being served with the relevant set of interrogatories and requests for production of documents.[4]

       A corresponding order follows.

---

[4] While Plaintiff requested a 15-day deadline for responses, the Court instead allows the default 30-day response period of Rule 33(b)(2) and Rule 34(b)(2)(A) to apply. Of course, Defendant, having expressed concerns about allegedly prejudicial delay, may certainly respond earlier than mandated by the Rules.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, *on behalf of himself and all others similarly situated,* | ) ) ) | Case No. 3:14-cv-90 |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

NOW, this 21st day of November 2017, upon consideration of Plaintiffs' Motion to Re-Open Discovery Regarding Newly-Acquired Evidence and Compel Discovery Responses (ECF No. 243), and for the reasons set forth in the Memorandum Opinion accompanying this Order, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

It is **HEREBY ORDERED** that discovery is re-opened on a limited basis for the narrow purpose of allowing Plaintiffs to submit a set of interrogatories and requests for production of documents to Defendant on the subject of Shannon Gwin and Scott Gwin's departure from employment with Defendant. Pursuant to Federal Rule of Civil Procedure Rule 33(b)(2) and Rule 34(b)(2)(A), Defendant must serve its answers and/or any objections within 30 days after being served with the set of interrogatories and requests for production of documents.

Plaintiffs' Motion is otherwise **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE