## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00090-KRG |
| v. | ) ) | The Honorable Kim R. Gibson |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

### SETTLEMENT AGREEMENT

The Parties to this Civil Action, acting through their representatives and attorneys, enter into this Agreement concerning the amicable resolution of this Civil Action, subject to approval by the Court.

## 1.   DEFINITIONS

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its exhibits).

**1.1**   "Agreement" means this written Settlement Agreement, which sets forth the terms of the settlement and final amicable resolution of this Civil Action.

**1.2**   "Civil Action" means the above-captioned action, inclusive of the claims asserted therein pursuant to the federal Fair Labor Standards Act and the laws of the Commonwealth of Pennsylvania.

**1.3**   "Court" means the United States District Court for the Western District of Pennsylvania (Judge Kim R. Gibson, presiding).

**1.4**   "Named Plaintiff" means Plaintiff Eric Boyington.

**1.5**   "FLSA Class Representative" means Named Plaintiff.

**1.6**     "FLSA Class Members" mean Named Plaintiff and those individuals who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and whose claims have not been withdrawn or dismissed. The Parties have agreed upon a list of all FLSA Class Members, which is attached to this Agreement as **Exhibit A**. For purposes of this Agreement only, Defendant does not contest the validity of the written consents filed by the FLSA Class Members, the eligibility of the FLSA Class Members to participate in the Civil Action, or the right of the FLSA Class Members to participate in the amicable resolution of the Civil Action in accordance with the terms of this Agreement.

**1.7**     "Pennsylvania Class Representative" means Named Plaintiff.

**1.8**     "Pennsylvania Rule 23 Class Members" mean all individuals who, at any time during the period between May 7, 2011 and December 31, 2014, were employed by Defendant within the Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, *e.g.*, due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Right of Way Agent, excluding, however, those individuals who are FLSA Class Members as well as those who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and subsequently had their claims withdrawn or dismissed. The Parties have agreed upon a list of all Pennsylvania Rule 23 Class Members, which is attached to this Agreement as **Exhibit B**. However, if any other individual, prior to the date of the Final Approval Order, establishes to the satisfaction of the Settlement Administrator that he or she qualifies as a Pennsylvania Rule 23 Class Member pursuant to the first sentence of this section, then that individual shall also be deemed to be a Pennsylvania Rule 23 Class Member and entitled to a pro-rata share of the Pennsylvania Rule 23 Settlement Amount based on the number of weeks worked for Defendant during the period between May 7, 2011 and December 31, 2014,

2

within the Commonwealth of Pennsylvania (and/or based out of Pennsylvania) in the position of Right of Way Agent, thereby requiring a corresponding adjustment to the allocation of the Pennsylvania Rule 23 Settlement Amount among the Pennsylvania Rule 23 Class Members. For purposes of this Agreement only, the Parties do not contest the eligibility of the Pennsylvania Rule 23 Class Members (including those identified on **Exhibit B** and those who may be identified by the Settlement Administrator in accordance with the foregoing sentence) to participate in the amicable resolution of the Civil Action in accordance with the terms of this Agreement.

1.9    "Class Counsel" means Joseph H. Chivers, of the law firm The Employment Rights Group (100 First Avenue, Suite 650, Pittsburgh, PA 15222), John R. Linkosky (715 Washington Avenue, Carnegie, PA 15106), and Bruce C. Fox, Andrew J Horowitz, and Jeffrey B. Cadle, of Obermayer Rebmann Maxwell & Hippel LLP (500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

1.10    "Defendant" means Percheron Field Services, LLC.

1.11    "Defense Counsel" means Littler Mendelson, P.C.

1.12    "Parties" means Named Plaintiff [in his own capacity as well as in his capacity as FLSA Class Representative (on behalf of himself and all FLSA Class Members) and Pennsylvania Class Representative (on behalf of himself and all Pennsylvania Rule 23 Class Members)], and Defendant.

1.13    "Settlement Administrator" means Dahl Administration, LLC, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

1.14    "Pennsylvania Rule 23 Preliminary Approval Order" means the order to be entered by the Court granting preliminary approval to the Pennsylvania Rule 23 Class Action

Firmwide:152501274.9 082494.1001

Settlement described in this Agreement following submission to the Court of Named Plaintiff's unopposed motion for entry of the Pennsylvania Rule 23 Preliminary Approval Order as an Order of Court. The proposed Pennsylvania Rule 23 Preliminary Approval Order that will be submitted to the Court with Named Plaintiff's unopposed motion is attached as **Exhibit C**.

**1.15**   "Final Approval Order" means the order to be entered by the Court: (a) approving the terms of this Agreement (subject to any modification that is either acceptable to the Parties or adopted by the Court in accordance with Section 1.18); (b) approving the settlement and release of claims by Named Plaintiff and the other FLSA Class Members as set forth herein; and (c) granting class certification of the Pennsylvania Rule 23 settlement class and granting final approval of the settlement and release of claims by Named Plaintiff and the Participating Pennsylvania Rule 23 Class Members as set forth herein. The proposed Final Approval Order that will be submitted to the Court with Named Plaintiff's unopposed motion is attached as **Exhibit D**.

**1.16**   "Effective Date" means the date upon which all of the following have occurred in the Civil Action: (a) entry of the Final Approval Order; (b) issuance of an order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement (subject to any modification that is either acceptable to the Parties or adopted by the Court in accordance with Section 1.18); (c) the expiration of the appeal rights of the Parties, FLSA Class Members and Pennsylvania Rule 23 Class Members (which, if no objections to the proposed settlement are submitted, shall be deemed to be 5 days following entry of the order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement, or, if objections to the proposed settlement are submitted, shall be deemed to be 31 days following entry of the order dismissing the Civil Action with prejudice and entering

judgment in accordance with the terms of this Agreement if no timely notice of appeal is filed, or if a timely notice of appeal is filed, shall be deemed to be 5 days following the expiration of all such appeals and related proceedings without any material alteration of the terms of the Final Approval Order); and (d) dismissal of the following actions: (i) Case 6:17-cv-06718-MAT (W.D.N.Y.); and (ii) CI-17-04877 (Court of Common Pleas of Lancaster County, Pennsylvania).

**1.17**    "Released Parties" means: (a) Percheron Holdings, LLC, Percheron Professional Services, LLC, and Percheron Survey NC, PLLC; (b) Percheron Energy, LLC, Mason Dixon Energy, LLC, OGM Land Company, LLC, Percheron Field Services, LLC, Percheron Acquisitions, LLC, Percheron Survey, LLC, and Percheron Surveying, LLC; and (c) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this section, including any person or entity that was or could have been named as a defendant in the Civil Action.

**1.18**    "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendant in connection with this Agreement. The Maximum Gross Settlement Amount is $2,800,000. Under no circumstances shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Civil Action. The Maximum Gross Settlement Amount shall be allocated to the Section 216(b) Settlement Amount (including the FLSA Settlement Allocation, the Service Payment Allocation and the General

Release Allocation), the Pennsylvania Rule 23 Settlement Amount, the Attorney's Fees and Expenses Payment, and the Administrative Costs, as follows:

(a)     The "Section 216(b) Settlement Amount" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $1,080,000, which amount is inclusive of the employer's share of payroll taxes, including FICA, FUTA and SUTA/SUI) to be paid to and/or on behalf of the FLSA Class Members in exchange for their release of claims asserted in the Civil Action against the Released Parties. The Section 216(b) Settlement Amount shall be allocated among the individual FLSA Class Members as set forth in **Exhibit A** (net of the employer's estimated share of payroll taxes), as follows:

(i)     The "FLSA Settlement Allocation" means that portion of the Section 216(b) Settlement Amount (up to a cumulative total of no more than $410,400, which amount is inclusive of the employer's share of payroll taxes) to be paid to and/or on behalf of the FLSA Class Members in exchange for their release of claims asserted in the Civil Action against the Released Parties as set forth in Section 5.1 of this Agreement. The FLSA Settlement Allocation shall be allocated among the individual FLSA Class Members as set forth in **Exhibit A** (under the heading of "FLSA Settlement Allocation"), which FLSA Class Representative represents: (a) reflects a fair and reasonable pro-rata allocation based on weeks worked and hours worked by the FLSA Class Members, as determined based upon a careful review and assessment of the evidence obtained in discovery conducted in this Civil Action; and (b) takes into account the FLSA Class Members' status as party plaintiffs under 29 U.S.C. § 216(b) who are seeking liquidated damages (in addition to unpaid wages) in this Civil Action. If the total of the FLSA Class Members' FLSA Settlement Allocation and the corresponding amount of the employer's share of payroll taxes on their FLSA Settlement Allocations exceeds

6

$410,400 (or the amount as modified by the Court pursuant to Section 1.18(a)(iv)), then the amount of each FLSA Class Member's FLSA Settlement Allocation shall be reduced on a pro rata basis until the total of the FLSA Class Members' FLSA Settlement Allocation and the corresponding amount of the employer's share of payroll taxes on the FLSA Settlement Allocation is equal to $410,400 (or the amount as modified by the Court pursuant to Section 1.18(a)(iv)).

(ii)     The "Service Payment Allocation" means that portion of the Section 216(b) Settlement Amount (up to a cumulative total of no more than $213,000) allocated to the FLSA Class Members and to be paid in accordance with the Final Approval Order and subject to Court approval, in exchange for their services on behalf of the FLSA Class Members and the Pennsylvania Rule 23 Class Members in this Civil Action. Class Counsel may seek an award of Service Payments for each of the individual FLSA Class Members in amounts up to those set forth in **Exhibit A** (under the heading of "Service Payment Allocation"). Defendant will not oppose these requests.

(iii)     The "General Release Allocation" means that portion of the Section 216(b) Settlement Amount (up to a cumulative total of no more than $456,600) allocated to the FLSA Class Members and to be paid in accordance with the Final Approval Order and subject to Court approval, in exchange for their acceptance of the terms of this Agreement, including the provisions of Section 5.2. Subject to Court approval, the General Release Allocation shall be allocated among the individual FLSA Class Members as set forth in **Exhibit A** (under the heading of "General Release Allocation").

(iv)     If the Court determines that any of the amounts set forth on **Exhibit A** (whether individually or in the aggregate) as the FLSA Settlement Allocation, the

Firmwide:152501274.9 082494.1001

Service Payment Allocation and/or the General Release Allocation preclude a finding that this Agreement should be approved as fair, reasonable and/or adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this shall not be a basis for the Court failing to enter a Pennsylvania Rule 23 Preliminary Approval Order and/or a Final Approval Order, or otherwise failing to approve this Agreement pursuant to Rule 23(e) and/or the FLSA. Rather, the Court shall be authorized to re-allocate these amounts (individual amounts and/or aggregate amounts) at its discretion to the Section 216(b) Settlement Amount (for the benefit of FLSA Class Members) and/or to the Pennsylvania Rule 23 Settlement Amount (for the benefit of Pennsylvania Rule 23 Class Members), in a manner that the Court (after consultation with the Parties) concludes is fair, reasonable and adequate in accordance with Rule 23(e) and the FLSA. Any such re-allocation by the Court shall not provide a basis for voiding this Agreement, or objecting to or appealing from the Pennsylvania Rule 23 Preliminary Approval Order and/or the Final Approval Order.

      **(b)**      The "Pennsylvania Rule 23 Settlement Amount" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $350,000, which amount is inclusive of the employer's share of payroll taxes) to be paid to and/or on behalf of the Pennsylvania Rule 23 Class Members in exchange for their release of claims asserted in the Civil Action against the Released Parties. The Pennsylvania Rule 23 Settlement Amount shall be allocated among the Pennsylvania Rule 23 Class Members as set forth in **Exhibit B** (under the heading of "Pennsylvania Rule 23 Allocation"), which Pennsylvania Class Representative represents: (i) reflects a fair and reasonable pro-rata allocation based on workweeks of five or more workdays worked by the Pennsylvania Rule 23 Class Members, as determined based upon a careful review of the evidence obtained in discovery conducted in this Civil Action; and

Firmwide:152501274.9 082494.1001

(ii) takes into account that the Pennsylvania Rule 23 Class Members are not party plaintiffs under 29 U.S.C. § 216(b) and that the Pennsylvania Minimum Wage Act does not include a liquidated damages provision. Because the FLSA Class Members are allocated a portion of the Section 216(b) Settlement Amount, they shall not be allocated any portion of the Pennsylvania Rule 23 Settlement Amount even if they would have otherwise qualified as Pennsylvania Rule 23 Class Members. If the total of the Pennsylvania Rule 23 Class Members' Pennsylvania Rule 23 Allocation and the corresponding amount of the employer's share of payroll taxes on the Pennsylvania Rule 23 Allocation exceeds $350,000, then the amount of each Pennsylvania Rule 23 Class Member's Pennsylvania Rule 23 Allocation shall be reduced on a pro rata basis until the total of the Pennsylvania Rule 23 Class Members' Pennsylvania Rule 23 Allocation and the corresponding amount of the employer's share of payroll taxes on the Pennsylvania Rule 23 Allocation is equal to $350,000 (or the amount as modified by the Court pursuant to Section 1.18(a)(iv)).

**(c)** The "Attorney's Fees and Expenses Payment" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $1,360,000) to be paid to Class Counsel in accordance with the Pennsylvania Rule 23 Preliminary Approval Order and the Final Approval Order, as attorney's fees, costs and expenses incurred in the Civil Action. In connection with the submission of the motions seeking entry of the Pennsylvania Rule 23 Preliminary Approval Order and the Final Approval Order, Class Counsel will seek an award of attorney's fees of up to $1,200,000, and an award of costs and expenses of up to $160,000. Defendant will not oppose this request. If the Court awards less than $1,360,000 as the total Attorney's Fees and Expenses Payment, this shall not provide a basis for voiding this Agreement, or objecting to or appealing from the Pennsylvania Rule 23 Preliminary Approval

Order and/or the Final Approval Order; rather, the Parties authorize the Court to re-allocate the difference to the Section 216(b) Settlement Amount (for the benefit of FLSA Class Members) and/or to the Pennsylvania Rule 23 Settlement Amount (for the benefit of Pennsylvania Rule 23 Class Members), in a manner that the Court (after consultation with the Parties) concludes is fair, reasonable and adequate, in a manner consistent with Rule 23(e) and the FLSA. Named Plaintiff, the FLSA Class Members, the Participating Pennsylvania Rule 23 Class Members and Class Counsel expressly waive any rights that they may have to recover any other attorney's fees, costs and/or expenses relating to the Civil Action.

      **(d)**     The "Administrative Costs" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $10,000, unless the Parties agree otherwise, in which case the additional sum shall be paid from the Attorney's Fees and Expenses Payment) to be paid to the Settlement Administrator for the administrative services it will provide under this Agreement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement.

      **(e)**     The total of the Section 216(b) Settlement Amount, the Pennsylvania Rule 23 Settlement Amount, the Attorney's Fees and Expenses Payment, and the Administrative Costs, shall not exceed the Maximum Gross Settlement Amount. In no event shall Defendant be required to pay more than the Maximum Gross Settlement Amount in satisfaction of its obligations under this Agreement, including any obligations with respect to the employer's share of payroll taxes; if the total of Defendant's obligations are determined to exceed the Maximum Gross Settlement Amount, then all payment obligations under this Agreement shall be reduced

Firmwide:152501274.9 082494.1001

on a pro rata basis until the total obligation is no more than the Maximum Gross Settlement Amount.

## 2.    **RECITALS**

2.1.    Named Plaintiff brought this Civil Action under the FLSA and Pennsylvania law on behalf of individuals who were employed by Defendant in the position of Right of Way Agent. Named Plaintiff asserts that he, the FLSA Class Members and the Pennsylvania Rule 23 Class Members worked in excess of 40 hours per week during their employment with Defendant in the position of Right of Way Agent and that Defendant was required to pay them at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per week. Named Plaintiff seeks compensation for unpaid overtime compensation, as well as other relief under the FLSA and Pennsylvania law, including liquidated damages, interest, litigation costs and expenses, and attorney's fees.

2.2.    Defendant denies the allegations in the Civil Action and states that it did not violate the law and that it has no liability for any claims asserted in the Civil Action. Defendant contends that Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members were fairly and adequately compensated for the work they performed. Nonetheless, Defendant has agreed to the terms of this Agreement because it will: (1) avoid the further expenses and disruption of business due to the pendency and expense of the litigation; and (2) put the claims asserted in the Civil Action to rest.

2.3.    This Agreement reflects a compromise of disputed claims. Nothing in this Agreement shall be deemed or used as evidence of, or as an admission of, liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this action may proceed as a collective action under the FLSA and/or a

11

class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

**2.4.**     It is the desire of Named Plaintiff and the FLSA Class Members to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid regular and overtime wages, penalties, liquidated damages, costs, attorney's fees, and any other relief under the FLSA, 29 U.S.C. § 201, *et seq*., as well as any similar state or local law governing the payment of regular or overtime wages, as well as any other claims they may have against the Released Parties. Similarly, it is the desire of the Pennsylvania Class Representative for the Pennsylvania Rule 23 Class Members to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid regular and overtime wages, penalties, liquidated damages, costs, attorney's fees, and any other relief under the laws of the Commonwealth of Pennsylvania governing the payment of regular or overtime wages.

**2.5.**     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties.

**2.6.**     In exchange for (a) the dismissal of Civil Action with prejudice; (b) the settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Defendant has agreed to pay up to an amount not to exceed the Maximum Gross Settlement Amount.

Firmwide:152501274.9 082494.1001

2.7.    The Parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

3.    **APPROVAL AND NOTICE PROCEDURES**

3.1    The Parties shall seek Court approval of this Agreement. The Parties agree that Named Plaintiff will file with the Court, if possible no later than fourteen (14) days following the date on which this Agreement is executed by all Parties, an unopposed motion for entry of the Pennsylvania Rule 23 Preliminary Approval Order as an Order of Court. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

3.2    **Notice and Claims Procedure for Pennsylvania Rule 23 Class Members.**

a)    Not later than seven (7) days after the date the Court enters the Preliminary Pennsylvania Rule 23 Approval Order as an Order of Court, Defendant will provide the Settlement Administrator and Class Counsel with an Excel chart listing the names and last known addresses of the Pennsylvania Rule 23 Class Members listed in **Exhibit B**.

b)    Within seven (7) days after receiving the foregoing information from Defendant (or as soon thereafter as practicable), the Settlement Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") in the form attached as **Exhibit E** to all Pennsylvania Rule 23 Class Members using each individual's last known address (except that the Settlement Administrator shall perform a national change of address database review prior to mailing). If a Notice is returned to the Settlement Administrator with a forwarding address, the Notice shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail to the address indicated. If a Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip

traces) to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found address(es).

      **c)**     Any Pennsylvania Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator within thirty (30) days following the date of the initial mailing of the Notice (this 30-day period shall be referred to herein as the "Opt-Out Period"), or, at minimum, must be postmarked by the deadline and received by the Settlement Administrator within seven (7) days thereafter. The Settlement Administrator shall deliver copies of each request for exclusion to Class Counsel and Defense Counsel not later than five (5) business days after receipt thereof. Class Counsel shall, within ten (10) business days of the end of the Opt-Out Period, file with the Clerk of Courts copies of all requests for exclusion so received. Any individual who requests to be excluded from the class may withdraw that request in writing at any time prior to the Fairness Hearing. Pennsylvania Rule 23 Class Members who do not request exclusion pursuant to this section (or who request exclusion but then withdraw their request for exclusion in a timely manner) shall be referred to herein as "Participating Pennsylvania Rule 23 Class Members." If the total number of Pennsylvania Rule 23 Class Members timely requesting exclusion from the class (and not withdrawing their request for exclusion in a timely manner) is eight (8) or more, Defendant may in its sole discretion elect to void this Agreement by providing written notice to Class Counsel and to the Court within thirty (30) days after receiving notice that the above-referenced event has occurred. In the event Defendant elects to void the Agreement for this reason, the Agreement shall be terminated and shall have no force or effect.

d)      Pennsylvania Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via First Class United States mail, and be received by the Settlement Administrator by a date certain, to be specified on the Notice, which shall be for each Pennsylvania Rule 23 Class Member thirty (30) days after the initial mailing by the Settlement Administrator of the Notice, or, at minimum, must be postmarked by the deadline and received by the Settlement Administrator within seven (7) days thereafter. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Clerk of Courts within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Pennsylvania Rule 23 Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided herein. Any Pennsylvania Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

**3.3    <u>Settlement Approval Procedures.</u>**

a)      The date of the Fairness Hearing will be set by the Court on a date that enables the Parties to comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 (and shall not be earlier than 100 days following the date on which Named

15

Plaintiff files with the Court the unopposed motion for entry of the Pennsylvania Rule 23 Preliminary Approval Order as an Order of Court). Not later than twenty-one (21) days before the Fairness Hearing, the Settlement Administrator shall provide counsel for the Parties with a declaration setting forth its due diligence and proof of mailing of the Notice to the Pennsylvania Rule 23 Class Members (including information regarding any returned Notices and subsequent efforts to mail Notice), as well as information regarding any Pennsylvania Rule 23 Class Member who requested exclusion from the class and/or submitted objections to the settlement. Not later than fourteen (14) days before the Fairness Hearing, Named Plaintiff, in his capacity as FLSA Class Representative and Pennsylvania Class Representative, will submit an unopposed motion for entry of the Final Approval Order as an Order of Court. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

        **b)**    At the Fairness Hearing, Named Plaintiff shall request that the Court issue a Final Approval Order in all material respects identical to **Exhibit D**. Defendant will not oppose Named Plaintiff's request.

## 4.    PAYMENT OBLIGATIONS

    **4.1**   **First Payment:** No later than seven (7) days after the Court enters the Pennsylvania Rule 23 Preliminary Approval Order as an Order of Court (and so long as the Settlement Administrator has provided Defense Counsel with wire instructions and any other information required to facilitate the transfer), Defendant shall remit Two Hundred Thousand Dollars ($200,000) to the Settlement Administrator via wire transfer. Within two (2) business days thereafter (and so long as Class Counsel has provided the Settlement Administrator with their tax-payer identification numbers, executed W-9 forms, wire instructions, mutual written instructions regarding the allocation of the payment among the firms comprising Class Counsel,

16

and any other information required to facilitate the distribution), the Settlement Administrator shall distribute that entire amount to Class Counsel. These payments shall be credited toward the Attorney's Fees and Expenses Payment and are subject to repayment to Defendant should the Court decline to enter the Final Approval Order, or if the settlement as agreed does not become final for any other reason.

4.2     **Second Payment:** No later than two (2) business days after the Effective Date, Defendant shall remit One Million Three Hundred Thousand Dollars ($1,300,000) to the Settlement Administrator. Within two (2) business days thereafter (or as soon thereafter is practicable), the Settlement Administrator shall distribute that entire amount to the FLSA Class Members, the Participating Pennsylvania Rule 23 Class Members, and Class Counsel on a pro-rata basis according to the amounts due and owing to each of them pursuant to the terms of the Final Approval Order.

4.3     **Third Payment:** No later than January 2, 2019 or seven (7) days after the Effective Date (whichever is later), Defendant shall remit via electronic means that amount necessary to fulfill all remaining payment obligations under this Agreement (in an amount not to exceed One Million Three Hundred Thousand Dollars ($1,300,000) assuming all terms of the first two payments have been met in full). The fees portion of that amount owed to Obermayer Rebman Maxwell & Hippel, LLP, net of any amounts already paid to Obermayer in the first and second payments, will be wired directly to the designated account of Obermayer in accordance with instructions given to Defendant prior to that time. The other portions of that amount (for the FLSA Class Members, the Participating Pennsylvania Rule 23 Class Members, and Class Counsel other than Obermayer) will be wired by Defendant to the Settlement Administrator. Within two (2) business days thereafter (or as soon thereafter is practicable), the Settlement

Firmwide:152501274.9 082494.1001

Administrator shall distribute that entire amount to the FLSA Class Members, the Participating Pennsylvania Rule 23 Class Members, and Class Counsel other than Obermayer on a pro-rata basis according to the remaining amounts due and owing to each of them pursuant to the terms of the Final Approval Order.

4.4     For income and payroll tax purposes, fifty percent (50%) of each payment made in satisfaction of the Court-approved individual FLSA Settlement Allocation and Pennsylvania Rule 23 Allocation shall be treated as wages (and subject to required withholdings and deductions and reported as wage income), and the remaining fifty percent (50%) of each such payment, as well as one-hundred percent (100%) of each payment made in satisfaction of the Court-approved Service Payment Allocation and General Release Allocation, shall be treated as liquidated damages, interest and other non-wage recovery (and shall not be subject to withholdings or deductions and shall be reported as non-wage other income in Box 3 of a Form 1099-MISC).

4.5     Other than the withholding and reporting requirements herein, the FLSA Class Members and Participating Pennsylvania Rule 23 Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Agreement. The employee portion of all applicable income and payroll taxes will be the responsibility of the individual FLSA Class Member and Participating Pennsylvania Rule 23 Class Member, who agrees to indemnify Released Parties, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to their failure to pay taxes on any amounts paid pursuant to this Agreement. All applicable employer payroll tax amounts associated with the payments described in this Agreement to the FLSA Class Members and Participating Pennsylvania Rule 23 Class Members,

Firmwide:152501274.9 082494.1001

including the employer share of FICA, FUTA, and SUTA/SUI, shall be paid from that individual's FLSA Settlement Allocation, General Release Allocation and/or Pennsylvania Rule 23 Allocation. The Settlement Administrator shall be responsible for calculating and remitting to the tax authorities all payroll taxes, as well as the employer share of FICA, FUTA, and SUTA/SUI, for payments out of these allocations.

4.6     Except as otherwise provided herein, the Parties, FLSA Class Members and Pennsylvania Rule 23 Class Members shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this Civil Action and will not seek reimbursement thereof from any of the other Parties or any of the Released Parties.

4.7     The FLSA Class Members and Participating Pennsylvania Rule 23 Class Members will have one hundred eighty (180) days from the date the checks are issued to negotiate them. One hundred twenty (120) days from the date of mailing of the checks, the Settlement Administrator will provide Class Counsel with a report reflecting which individuals have not yet negotiated their checks. Class Counsel will be free to contact any such individuals to encourage them to promptly negotiate their checks. After one hundred eighty (180) days, the Settlement Administrator shall stop payments on any checks issued to FLSA Class Members and Participating Pennsylvania Rule 23 Class Members that have not been negotiated. If the total amount of such checks exceeds $10,000 those funds shall be redistributed to the FLSA Class Members and Participating Pennsylvania Rule 23 Class Members who cashed their checks, on a pro rata basis relative to their FLSA Settlement Allocations and Pennsylvania Rule 23 Allocations. If the total amount of such checks is less than $10,000, those monies shall be paid to a *cy pres* recipient approved by the Court with the input of the Parties. FLSA Class Members and

Participating Pennsylvania Rule 23 Class Members shall be bound by the terms of this Agreement even if they fail to timely negotiate their checks.

4.8      Released Parties, Class Counsel, and Defense Counsel will not be liable for checks cashed by persons other than the FLSA Class Members and Participating Pennsylvania Rule 23 Class Members. Each such individual will be deemed to have released the Released Parties from all liability as set forth in this Agreement even if his or her check is cashed by a person other than to whom the check is written.

4.9      Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

## 5.      RELEASES

### 5.1      Release of Claims by Named Plaintiff, all FLSA Class Members and all Participating Pennsylvania Rule 23 Class Members.

a)      By operation of this Agreement and the Final Approval Order, and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Named Plaintiff, all FLSA Class Members, and all Participating Pennsylvania Rule 23 Class Members, shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Defendant and all Released Parties from any and all claims that were asserted or that could have been asserted in the Civil Action related to the payment of regular or overtime wages, including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, interest, costs, attorney's fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et*

Firmwide:152501274.9 082494.1001

*seq*., Pennsylvania state law governing the payment of regular or overtime wages (including but not limited to the Pennsylvania Minimum Wage Act and/or the Pennsylvania Wage Payment and Collection Law), and any other analogous state or local laws governing the payment of regular or overtime wages (including but not limited to the New York Labor Law), arising out of work performed at any time through and including December 31, 2014 (collectively, the "Released Claims").

        **b)**     Named Plaintiff, as the FLSA Class Representative and the Pennsylvania Rule 23 Class Representative, on behalf of himself and all FLSA Class Members and Participating Pennsylvania Rule 23 Class Members, represents and warrants that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action.

        **5.2**     <u>**Provisions Applicable to Named Plaintiff and FLSA Class Members Only**</u>.

        **a)**     Named Plaintiff and all FLSA Class Members, individually and for themselves and their successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and any other person or entities acting by, through, under or in concert with any of them, do hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant and all Released Parties of and from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorneys' fees, costs actually incurred, and liquidated damages), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against Defendant or any of the Released Parties, arising out of any matter occurring or accruing on or before the date he or she signs this Agreement. This release and waiver includes, but is not limited to, any claims arising from their employment and/or contractual relationship, or

Firmwide:152501274.9 082494.1001

the termination of their employment and/or contractual relationship, with Defendant and/or any of the Released Parties. This release and waiver includes, but is not limited to: claims arising under federal law, including claims under the Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act; claims arising under the laws of Texas, Pennsylvania, New York, or any other state or local government, including the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Human Relations Act, and the New York Labor Law; claims arising under common law, tort, policy or contract; claims for retaliation, defamation, libel, slander, invasion of privacy, or negligence; claims based on theories of strict liability or respondeat superior; claims for costs, fees, interest, expenses, or attorneys' fees; claims that were asserted or that could have been asserted in this Civil Action; and any other claims of any kind, except as expressly excluded elsewhere in this Agreement. The release and waiver in this Section 5.2(a) excludes any claims arising under the Age Discrimination in Employment Act.

b)     Named Plaintiff and all FLSA Class Members, individually and for themselves and their successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and any other person or entities acting by, through, under or in concert with any of them, do hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant and all Released Parties of and from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorneys' fees, costs actually incurred, and liquidated damages), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against Defendant or any of the Released Parties, arising out of any matter occurring or

22

accruing on or before the date he or she signs this Agreement, and which arise under the Age Discrimination in Employment Act. Named Plaintiff and all FLSA Class Members each individually retain the right to revoke his or her waiver of rights under the Age Discrimination in Employment Act as set forth in this Section 5.2(b) provided that he or she does so by providing written notice of the revocation to Defendant in accordance with Section 7.3 of this Agreement no later than seven (7) days following the date on which the Court enters the Preliminary Pennsylvania Rule 23 Approval Order as an Order of Court.

c)       Named Plaintiff and all FLSA Class Members acknowledge and agree that in accordance with the requirements of the Older Workers Benefit Protection Act: (A) they have read and fully understand the terms of this Agreement, including the waivers and releases contained herein; (B) they were advised and hereby are advised that Section 5.2(b) of the Agreement includes a waiver and release of rights and claims under Chapter 14 (Age Discrimination in Employment) of Title 29 of the Code of the Laws of the United States of America, 29 U.S.C. § 621, et seq.; (C) they are not waiving rights or claims that may arise after the date on which they execute this Agreement; (D) their waiver of rights and claims is in exchange for consideration in addition to anything of value to which they already are entitled; (E) they were advised and hereby are advised in writing to consult with an attorney of their choice prior to signing this Agreement; (F) they have been given a period of twenty-one (21) days within which to consider the terms of the Agreement before signing it (and if they signed this Agreement before the end of this twenty-one (21) day period, it is because they freely chose to do so after carefully considering its terms); (G) they have no fewer than seven (7) days following the execution of this Agreement in which to revoke the release and waiver of claims under the Age Discrimination in Employment Act in accordance with Section 5.2(b).

Firmwide:152501274.9 082494.1001

d)       Notwithstanding the foregoing provisions of this Section 5.2, Named Plaintiff and the FLSA Class Members do not release or waive:  (i) any claim that they could make for unemployment compensation or workers' compensation benefits; (ii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Final Approval Order; (iii) their right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although they do waive their right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a claim that was released); and/or (iv) any rights or claims that may arise after the date they sign this Agreement.

e)       Named Plaintiff and all FLSA Class Members affirm that they have not filed any other charges, complaints, lawsuits claims or actions against Defendant or any of the Released Parties, based on any event that took place prior to the date they sign this Agreement, except as expressly disclosed in this Agreement. In the event there is outstanding any such charge, complaint, claim or action, Named Plaintiff and all FLSA Class Members agree to execute such papers or documents as Defense Counsel determines may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.

f)       Named Plaintiff and the FLSA Class Members each individually agree and recognize that their employment and/or contractual relationship with Defendant and the Released Parties has been permanently and irrevocably severed, and they forever waive any and all claim or right to reinstatement, employment, or any other association or contractual relationship with Defendant and/or any of the Released Parties. Named Plaintiff and the FLSA Class Members agree that they shall not at any time seek or accept future employment or any other form of contractual relationship with Defendant and/or any of the Released Parties. A breach of this

paragraph by Named Plaintiff and/or any of the FLSA Class Members shall constitute lawful and just cause for Defendant and/or any of the Released Parties to refuse to employ and/or contract with Named Plaintiff and/or any of the FLSA Class Members or to terminate the employment or contractual relationship if already so engaged, and Named Plaintiff and the FLSA Class Members shall have no cause of action (for retaliation or otherwise) for such refusal or termination.

**g)**      Except to the limited extent necessary to secure entry of the Pennsylvania Rule 23 Preliminary Approval Order and the Final Approval Order as Orders of Court, Named Plaintiff and the FLSA Class Members agree not to disclose the terms of this Agreement or anything about the negotiations leading up to this Agreement to anyone except their immediate family members, their attorneys or tax advisors, or anyone to whom they are required by court order to disclose such information. If Named Plaintiff or any of the FLSA Class Members are asked about the Civil Action or this Agreement by any person meeting these exceptions, they may state only that the dispute has been resolved and that they are not allowed to comment further on the matter. Named Plaintiff and the FLSA Class Members also promise and agree that they will not, directly or indirectly, publicly or privately, make, publish or solicit, or encourage others to make, publish or solicit any disparaging, negative, denigrating or derogatory statements, comments, announcements or remarks concerning Defendant, any of the Released Parties, or any of the Defendant's or Released Parties' current or former management and/or executive employees. Named Plaintiff and the FLSA Class Members agree that in the event of a breach of this Section 5.2(g): (i) the individual in breach shall not be entitled to any further payment of his or her General Release Allocation amount to the extent not yet paid to that individual, which amount shall remain the property of Defendant; and (ii) Defendant or any of

the intended beneficiaries of Section 5.2(g) impacted by the breach shall have the right to obtain specific performance of Section 5.2(g) as well as the repayment of any sums previously paid to that individual from the General Release Allocation, from any court of competent jurisdiction.

h)     Named Plaintiff and any FLSA Class Member who execute this Agreement (and do not revoke the release of claims under the Age Discrimination in Employment Act) shall be entitled to be paid the amount of their General Release Allocation, in the amount set forth on **Exhibit A** or the amount as modified by the Court pursuant to Section 1.18(a)(iv). Any Named Plaintiff or FLSA Class Member who executes this Agreement (and does revoke the release of claims under the Age Discrimination in Employment Act) shall be entitled to be paid one-half of the amount of their General Release Allocation, in the amount set forth on **Exhibit A** or as modified by the Court pursuant to Section 1.18(a)(iv) (and in that event the remaining one-half of their General Release Allocation shall be subtracted from the Maximum Gross Settlement Amount and retained by Defendant).

i)     The payments described in this section are exclusive of any funds that may also be allocated to Named Plaintiff and the FLSA Class Members as their FLSA Settlement Allocation and/or Service Payment Allocation, and are in consideration for their agreement to be bound to the terms of this Section 5.2.

### 5.3    <u>Dismissal of Related Action</u>.

Not later than February 23, 2018, FLSA Class Members Robert Nash and Jeffrey Pepper shall cause to be dismissed the action *Nash, et al. v. Percheron Professional Services, LLC*, Case 6:17-cv-06718-MAT (W.D.N.Y.), without prejudice to their right to file a new action asserting the claims set forth therein in the event the Court does not grant final approval to the settlement of this Civil Action.

Firmwide:152501274.9 082494.1001

6.    **PARTIES' AUTHORITY**

6.1     All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members. Named Plaintiff, as the FLSA Class Representative and the Pennsylvania Rule 23 Class Representative, and Class Counsel represent that they are fully authorized to enter into this Agreement and to bind the FLSA Class Members and the Pennsylvania Rule 23 Class Members to the terms and conditions thereof. Class Counsel and Named Plaintiff (as the FLSA Class Representative) represent that by filing written consents to join this Civil Action, the other FLSA Class Members: (a) consented and agreed to be bound by any judgment of the Court or any settlement of this Civil Action that the Court reviews and determines to be fair and reasonable; and (b) authorized Named Plaintiff and Class Counsel to act as their agents and to negotiate a settlement of any and all claims they may have against Defendant, subject to a review for fairness by the Court. By executing this Agreement, the FLSA Class Members reaffirm the authority of Named Plaintiff and Class Counsel to act on their behalf in a manner consistent with this Agreement.

6.2     All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

6.3     It is agreed that because the Pennsylvania Rule 23 Class Members are so numerous, it is impossible or impractical to have each member execute this Agreement. The

Firmwide:152501274.9 082494.1001

Notice will advise all Pennsylvania Rule 23 Class Members of the binding nature of the release as described in this Agreement, with or without additional action by them other than request for exclusion by a member of the Pennsylvania Rule 23 Class, and that the release will have the same force and effect as if this Agreement were executed by each member of the Pennsylvania Rule 23 Class.

6.4     The Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.5     Class Counsel represents that as of the date they execute this Agreement, they have disclosed to Defense Counsel the names of all individuals they currently represent with respect to claims against Defendant for the payment of wages, including overtime compensation. Class Counsel acknowledge that they currently do not represent any individual, including those with whom they have spoken to about representation but have not yet engaged, who is among the Class Members and who intends to opt out of the class or object to this Agreement.

7.     **ADDITIONAL PROVISIONS**

7.1     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

7.2     The Parties, Class Counsel and Defense Counsel shall all refrain from issuing any press release, website posting, social media or press outreach communicating any information about the Civil Action or this Agreement. By executing this Agreement, Class Counsel certifies that they have caused to be removed any and all website presence that they had caused to be posted (including, by way of example and not limitation, firm website postings and Facebook

messages) relating to the Civil Action, this Agreement or to the claims asserted against Defendant in the Civil Action, and Class Counsel further agrees not to cause such materials to be posted in the future. If contacted by media representatives with respect to the Civil Action or this Agreement, the Parties, Class Counsel and Defense Counsel will say only that the Parties amicably resolved the dispute, without providing additional information or commentary. Upon the dismissal of the Civil Action, Named Plaintiff, FLSA Class Members, and Class Counsel shall deliver to counsel for Defendant any and all documents produced in this matter and designated as "confidential" by Defendant in the Action within fourteen (14) days of a request, and they shall not retain any copies or derivatives thereof; within twenty-one (21) days following the Effective Date, Class Counsel shall send a certification to counsel for Defendant confirming compliance with this provision.

    **7.3**    Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Named Plaintiff/Settlement Class:

    Joseph H. Chivers
    The Employment Rights Group
    100 First Avenue, Suite 650
    Pittsburgh, PA 15222

    John R. Linkosky
    715 Washington Avenue
    Carnegie, PA 15106

    Bruce C. Fox
    Obermayer Rebmann Maxwell & Hippel LLP
    500 Grant Street, Suite 5240
    Pittsburgh, PA 15219

Firmwide:152501274.9 082494.1001

To Defendant:

> Robert W. Pritchard
> Littler Mendelson, P.C.
> 625 Liberty Avenue, 26th Floor
> Pittsburgh, PA 15222

**7.4**   To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties, and approved by the Court.

**7.5**   This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

**7.6**   This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

**7.7**   This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. For the FLSA Class Members, a faxed or emailed or electronic signature (such as DocuSign) shall be deemed the same as the original.

**7.8**   The Named Plaintiff, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the

Firmwide:152501274.9 082494.1001

settlement. Defendant may communicate about the Agreement with their current employees who are Pennsylvania Rule 23 Class Members for the exclusive purpose of encouraging them to participate in the settlement, consistent with the terms and provisions of this Agreement. Defendant will not take any adverse action against any current employees who are Pennsylvania Rule 23 Class Members because of their decision whether to participate in the settlement.

**7.9**    If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Pennsylvania Rule 23 Preliminary Approval Order or the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Action.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties and all FLSA Class Members hereby execute this Agreement on the dates indicated below:

Dated: 2/23/2018
_____

DocuSigned by:
*Eric Boyington*
52471A56F4414BD...
_____
Named Plaintiff Eric Boyington
On Behalf of Himself and as
FLSA Class Representative and
Pennsylvania Class Representative

Dated: _____

_____
Class Counsel
The Employment Rights Group

Firmwide:152501274.9 082494.1001

settlement. Defendant may communicate about the Agreement with their current employees who are Pennsylvania Rule 23 Class Members for the exclusive purpose of encouraging them to participate in the settlement, consistent with the terms and provisions of this Agreement. Defendant will not take any adverse action against any current employees who are Pennsylvania Rule 23 Class Members because of their decision whether to participate in the settlement.

7.9   If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Pennsylvania Rule 23 Preliminary Approval Order or the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Action.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties and all FLSA Class Members hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Named Plaintiff Eric Boyington
On Behalf of Himself and as
FLSA Class Representative and
Pennsylvania Class Representative

Dated: _2/23/18_

_____
Class Counsel
The Employment Rights Group

31

Dated: 2/23/18

Class Counsel
John R. Linkosky

Dated: 2/23/18

Class Counsel
Obermayer Rebmann Maxwell & Hippel LLP

Dated: _____

For Percheron Field Services, LLC

Dated: _____

Defense Counsel
Littler Mendelson, P.C.

[signatures of FLSA Class Members on next page]

Dated: _____        _____
                              Class Counsel
                              John R. Linkosky

Dated: _____        _____
                              Class Counsel
                              Obermayer Rebmann Maxwell & Hippel LLP

Dated: 5/4/18                 _____
                              For Percheron Field Services, LLC

Dated: 4/4/18                 _____
                              Defense Counsel
                              Littler Mendelson, P.C.


[signatures of FLSA Class Members on next page]

*Jeffrey Arrington*                    2/24/2018
DocuSigned by:
2C060B19-032004D6-

Arrington, Jeffrey                Date          Pepper, Jeff                     Date

Bandy, Herman                  Date          Peterson, Jeffrey              Date

Bush, Robert                     Date          Porter, Eliott                   Date

Dickson, Shelby                 Date          Powell, Richard               Date

Ferguson, Vic                    Date          Richardson Jr., Joel         Date

Foster, Jess                      Date          Riley, Jeremy Scott         Date

Guidroz, Erica                   Date          Rushing, Clovis               Date

Holesko, Stephen              Date          Rushing, Jeannie             Date

Humphrey, David               Date          Scanlan, Jack                  Date

Jakeway, Greg                   Date          Scanlan, Jeffery             Date

Jones, Jan                         Date          Singleton, Dianne           Date

Kibel, Christina                  Date          Stephens, Donna             Date

Lawrence, Daniel               Date          Stephens, Wendell          Date

McGill-Hoyt, Tammy          Date          Stewart, John                  Date

Mouton, Dale                     Date          Stewart, Patrick              Date

Nash, Robert                      Date          Tenny, Richard                Date

Nees, Adam                       Date          Trinidad, Hilberto            Date

Parlow, Barbara                 Date          Wallenbeck, Brian           Date

Parlow, Lowell                    Date

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey _____ | Date | Pepper, Jeff _____ | Date |
| Herman Irwin Bandy | 2/25/2018 | | |
| Bandy, Herman _____ | Date | Peterson, Jeffrey _____ | Date |
| Bush, Robert _____ | Date | Porter, Eliott _____ | Date |
| Dickson, Shelby _____ | Date | Powell, Richard _____ | Date |
| Ferguson, Vic _____ | Date | Richardson Jr., Joel _____ | Date |
| Foster, Jess _____ | Date | Riley, Jeremy Scott _____ | Date |
| Guidroz, Erica _____ | Date | Rushing, Clovis _____ | Date |
| Holesko, Stephen _____ | Date | Rushing, Jeannie _____ | Date |
| Humphrey, David _____ | Date | Scanlan, Jack _____ | Date |
| Jakeway, Greg _____ | Date | Scanlan, Jeffery _____ | Date |
| Jones, Jan _____ | Date | Singleton, Dianne _____ | Date |
| Kibel, Christina _____ | Date | Stephens, Donna _____ | Date |
| Lawrence, Daniel _____ | Date | Stephens, Wendell _____ | Date |
| McGill-Hoyt, Tammy _____ | Date | Stewart, John _____ | Date |
| Mouton, Dale _____ | Date | Stewart, Patrick _____ | Date |
| Nash, Robert _____ | Date | Tenny, Richard _____ | Date |
| Nees, Adam _____ | Date | Trinidad, Hilberto _____ | Date |
| Parlow, Barbara _____ | Date | Wallenbeck, Brian _____ | Date |
| Parlow, Lowell _____ | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Robert Bush | 2/23/2018 | | |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

Firmwide:152501274.9 082494.1001

DocuSign Envelope ID: 037C7121-B564-46D8-8D3E-3B500B96A44C

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |

Shelby Dickson    2/23/2018

| | | | |
|---|---|---|---|
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | |
|---|---|
| Arrington, Jeffrey      Date | Pepper, Jeff      Date |
| Bandy, Herman      Date | Peterson, Jeffrey      Date |
| Bush, Robert      Date | Porter, Eliott      Date |
| Dickson, Shelby      Date | Powell, Richard      Date |
| *Vic Ferguson*      2/23/2018 | |
| Ferguson, Vic      Date | Richardson Jr., Joel      Date |
| Foster, Jess      Date | Riley, Jeremy Scott      Date |
| Guidroz, Erica      Date | Rushing, Clovis      Date |
| Holesko, Stephen      Date | Rushing, Jeannie      Date |
| Humphrey, David      Date | Scanlan, Jack      Date |
| Jakeway, Greg      Date | Scanlan, Jeffery      Date |
| Jones, Jan      Date | Singleton, Dianne      Date |
| Kibel, Christina      Date | Stephens, Donna      Date |
| Lawrence, Daniel      Date | Stephens, Wendell      Date |
| McGill-Hoyt, Tammy      Date | Stewart, John      Date |
| Mouton, Dale      Date | Stewart, Patrick      Date |
| Nash, Robert      Date | Tenny, Richard      Date |
| Nees, Adam      Date | Trinidad, Hilberto      Date |
| Parlow, Barbara      Date | Wallenbeck, Brian      Date |
| Parlow, Lowell      Date | |

33

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| _____ | | _____ | |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| _____ | | _____ | |
| Bush, Robert | Date | Porter, Eliott | Date |
| _____ | | _____ | |
| Dickson, Shelby | Date | Powell, Richard | Date |
| _____ | | _____ | |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |

_Jess Foster_        2/23/2018

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| _____ | | _____ | |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| _____ | | _____ | |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| _____ | | _____ | |
| Humphrey, David | Date | Scanlan, Jack | Date |
| _____ | | _____ | |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| _____ | | _____ | |
| Jones, Jan | Date | Singleton, Dianne | Date |
| _____ | | _____ | |
| Kibel, Christina | Date | Stephens, Donna | Date |
| _____ | | _____ | |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| _____ | | _____ | |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| _____ | | _____ | |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| _____ | | _____ | |
| Nash, Robert | Date | Tenny, Richard | Date |
| _____ | | _____ | |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| _____ | | _____ | |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| _____ | | | |
| Parlow, Lowell | Date | | |

33

Arrington, Jeffrey _____ Date

Bandy, Herman _____ Date

Bush, Robert _____ Date

Dickson, Shelby _____ Date

Ferguson, Vic _____ Date

Foster, Jess _____ Date

2/23/2018

*Erica Thom*

Guidroz, Erica _____ Date

Holesko, Stephen _____ Date

Humphrey, David _____ Date

Jakeway, Greg _____ Date

Jones, Jan _____ Date

Kibel, Christina _____ Date

Lawrence, Daniel _____ Date

McGill-Hoyt, Tammy _____ Date

Mouton, Dale _____ Date

Nash, Robert _____ Date

Nees, Adam _____ Date

Parlow, Barbara _____ Date

Parlow, Lowell _____ Date

Pepper, Jeff _____ Date

Peterson, Jeffrey _____ Date

Porter, Eliott _____ Date

Powell, Richard _____ Date

Richardson Jr., Joel _____ Date

Riley, Jeremy Scott _____ Date

Rushing, Clovis _____ Date

Rushing, Jeannie _____ Date

Scanlan, Jack _____ Date

Scanlan, Jeffery _____ Date

Singleton, Dianne _____ Date

Stephens, Donna _____ Date

Stephens, Wendell _____ Date

Stewart, John _____ Date

Stewart, Patrick _____ Date

Tenny, Richard _____ Date

Trinidad, Hilberto _____ Date

Wallenbeck, Brian _____ Date

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |

2/23/2018

| | | | |
|---|---|---|---|
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | 2/23/2018 Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |

Arrington, Jeffrey                     Date

Bandy, Herman                        Date

Bush, Robert                            Date

Dickson, Shelby                       Date

Ferguson, Vic                          Date

Foster, Jess                             Date

Guidroz, Erica                         Date

Holesko, Stephen                    Date

Humphrey, David                     Date

*Greg Jakeway*   2/23/2018

Jakeway, Greg                         Date

Jones, Jan                               Date

Kibel, Christina                      Date

Lawrence, Daniel                   Date

McGill-Hoyt, Tammy              Date

Mouton, Dale                         Date

Nash, Robert                          Date

Nees, Adam                           Date

Parlow, Barbara                     Date

Parlow, Lowell                       Date

Pepper, Jeff                           Date

Peterson, Jeffrey                    Date

Porter, Eliott                         Date

Powell, Richard                     Date

Richardson Jr., Joel              Date

Riley, Jeremy Scott               Date

Rushing, Clovis                     Date

Rushing, Jeannie                   Date

Scanlan, Jack                       Date

Scanlan, Jeffery                    Date

Singleton, Dianne                 Date

Stephens, Donna                   Date

Stephens, Wendell               Date

Stewart, John                       Date

Stewart, Patrick                   Date

Tenny, Richard                     Date

Trinidad, Hilberto                 Date

Wallenbeck, Brian               Date

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |
| Jakeway, Greg _____ Date | Scanlan, Jeffery _____ Date |
| Jones, Jan _____ Date   2/23/2018 | Singleton, Dianne _____ Date |
| Kibel, Christina _____ Date | Stephens, Donna _____ Date |
| Lawrence, Daniel _____ Date | Stephens, Wendell _____ Date |
| McGill-Hoyt, Tammy _____ Date | Stewart, John _____ Date |
| Mouton, Dale _____ Date | Stewart, Patrick _____ Date |
| Nash, Robert _____ Date | Tenny, Richard _____ Date |
| Nees, Adam _____ Date | Trinidad, Hilberto _____ Date |
| Parlow, Barbara _____ Date | Wallenbeck, Brian _____ Date |
| Parlow, Lowell _____ Date | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey _____ | Date | Pepper, Jeff _____ | Date |
| Bandy, Herman _____ | Date | Peterson, Jeffrey _____ | Date |
| Bush, Robert _____ | Date | Porter, Eliott _____ | Date |
| Dickson, Shelby _____ | Date | Powell, Richard _____ | Date |
| Ferguson, Vic _____ | Date | Richardson Jr., Joel _____ | Date |
| Foster, Jess _____ | Date | Riley, Jeremy Scott _____ | Date |
| Guidroz, Erica _____ | Date | Rushing, Clovis _____ | Date |
| Holesko, Stephen _____ | Date | Rushing, Jeannie _____ | Date |
| Humphrey, David _____ | Date | Scanlan, Jack _____ | Date |
| Jakeway, Greg _____ | Date | Scanlan, Jeffery _____ | Date |
| Jones, Jan _____ | Date | Singleton, Dianne _____ | Date |

2/23/2018

DocuSigned by:

Kibel, Christina _____ | Date | Stephens, Donna _____ | Date

| | | | |
|---|---|---|---|
| Lawrence, Daniel _____ | Date | Stephens, Wendell _____ | Date |
| McGill-Hoyt, Tammy _____ | Date | Stewart, John _____ | Date |
| Mouton, Dale _____ | Date | Stewart, Patrick _____ | Date |
| Nash, Robert _____ | Date | Tenny, Richard _____ | Date |
| Nees, Adam _____ | Date | Trinidad, Hilberto _____ | Date |
| Parlow, Barbara _____ | Date | Wallenbeck, Brian _____ | Date |
| Parlow, Lowell _____ | Date | | |

33

DocuSign Envelope ID: A3A59C55-A6CC-4066-9A6D-1614FDAF3B5D

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | | Pepper, Jeff | Date |
| Bandy, Herman | Date | | Peterson, Jeffrey | Date |
| Bush, Robert | Date | | Porter, Eliott | Date |
| Dickson, Shelby | Date | | Powell, Richard | Date |
| Ferguson, Vic | Date | | Richardson Jr., Joel | Date |
| Foster, Jess | Date | | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | | Rushing, Clovis | Date |
| Holesko, Stephen | Date | | Rushing, Jeannie | Date |
| Humphrey, David | Date | | Scanlan, Jack | Date |
| Jakeway, Greg | Date | | Scanlan, Jeffery | Date |
| Jones, Jan | Date | | Singleton, Dianne | Date |
| Kibel, Christina | Date | | Stephens, Donna | Date |
| Lawrence, Daniel | Date | | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | | Stewart, John | Date |
| Mouton, Dale | Date | | Stewart, Patrick | Date |
| Nash, Robert | Date | | Tenny, Richard | Date |
| Nees, Adam | Date | | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | | |

2/23/2018

Firmwide:152501274.9 082494.1001

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |

_Tammy McGill-Hoyt_   2/23/2018

| | | | |
|---|---|---|---|
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

Firmwide:152501274.9 082494.1001

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| *Dale Mouton* 2/28/2018 Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| _(signature)_ 2/23/2018 | | Tenny, Richard | Date |
| Nash, Robert | Date | | |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | 2/26/2018 Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

Firmwide:152501274.9 082494.1001

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |

2/23/2018

| | | | |
|---|---|---|---|
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

DocuSign Envelope ID: A01CBCD1-ECD6-4AD8-9DC8-19DE964C04A4

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |

Parlow, Lowell       Date

*Lowell Parlow*    2/23/2018

Firmwide:152501274.9 082494.1001

| | | | |
|---|---|---|---|
| _____ Arrington, Jeffrey | Date | DocuSigned by: Jeff Pepper A1C87254975441E _____ Pepper, Jeff | 2/23/2018 Date |
| _____ Bandy, Herman | Date | _____ Peterson, Jeffrey | Date |
| _____ Bush, Robert | Date | _____ Porter, Eliott | Date |
| _____ Dickson, Shelby | Date | _____ Powell, Richard | Date |
| _____ Ferguson, Vic | Date | _____ Richardson Jr., Joel | Date |
| _____ Foster, Jess | Date | _____ Riley, Jeremy Scott | Date |
| _____ Guidroz, Erica | Date | _____ Rushing, Clovis | Date |
| _____ Holesko, Stephen | Date | _____ Rushing, Jeannie | Date |
| _____ Humphrey, David | Date | _____ Scanlan, Jack | Date |
| _____ Jakeway, Greg | Date | _____ Scanlan, Jeffery | Date |
| _____ Jones, Jan | Date | _____ Singleton, Dianne | Date |
| _____ Kibel, Christina | Date | _____ Stephens, Donna | Date |
| _____ Lawrence, Daniel | Date | _____ Stephens, Wendell | Date |
| _____ McGill-Hoyt, Tammy | Date | _____ Stewart, John | Date |
| _____ Mouton, Dale | Date | _____ Stewart, Patrick | Date |
| _____ Nash, Robert | Date | _____ Tenny, Richard | Date |
| _____ Nees, Adam | Date | _____ Trinidad, Hilberto | Date |
| _____ Parlow, Barbara | Date | _____ Wallenbeck, Brian | Date |
| _____ Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| | _jeff peterson_ 2/23/2018 |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |
| Jakeway, Greg _____ Date | Scanlan, Jeffery _____ Date |
| Jones, Jan _____ Date | Singleton, Dianne _____ Date |
| Kibel, Christina _____ Date | Stephens, Donna _____ Date |
| Lawrence, Daniel _____ Date | Stephens, Wendell _____ Date |
| McGill-Hoyt, Tammy _____ Date | Stewart, John _____ Date |
| Mouton, Dale _____ Date | Stewart, Patrick _____ Date |
| Nash, Robert _____ Date | Tenny, Richard _____ Date |
| Nees, Adam _____ Date | Trinidad, Hilberto _____ Date |
| Parlow, Barbara _____ Date | Wallenbeck, Brian _____ Date |
| Parlow, Lowell _____ Date | |

Firmwide:152501274.9 082494.1001

DocuSign Envelope ID: 67EBF3B4-266E-4902-A3A8-CC78816CAB03

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | | Pepper, Jeff | Date |
| Bandy, Herman | Date | | Peterson, Jeffrey | Date |
| Bush, Robert | Date | | Porter, Eliott | Date |
| Dickson, Shelby | Date | | Powell, Richard | Date |
| Ferguson, Vic | Date | | Richardson Jr., Joel | Date |
| Foster, Jess | Date | | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | | Rushing, Clovis | Date |
| Holesko, Stephen | Date | | Rushing, Jeannie | Date |
| Humphrey, David | Date | | Scanlan, Jack | Date |
| Jakeway, Greg | Date | | Scanlan, Jeffery | Date |
| Jones, Jan | Date | | Singleton, Dianne | Date |
| Kibel, Christina | Date | | Stephens, Donna | Date |
| Lawrence, Daniel | Date | | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | | Stewart, John | Date |
| Mouton, Dale | Date | | Stewart, Patrick | Date |
| Nash, Robert | Date | | Tenny, Richard | Date |
| Nees, Adam | Date | | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | | |

Porter, Eliott — *Eliott Porter* (DocuSigned) — 2/23/2018

Firmwide:152501274.9 082494.1001

| | | | | |
|---|---|---|---|---|
| _____ | | _____ | |
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| _____ | | _____ | |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| _____ | | _____ | |
| Bush, Robert | Date | Porter, Eliott | Date |

_Richard Powell_   2/24/2018

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Dickson, Shelby | Date | Powell, Richard | Date |
| _____ | | _____ | |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| _____ | | _____ | |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| _____ | | _____ | |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| _____ | | _____ | |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| _____ | | _____ | |
| Humphrey, David | Date | Scanlan, Jack | Date |
| _____ | | _____ | |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| _____ | | _____ | |
| Jones, Jan | Date | Singleton, Dianne | Date |
| _____ | | _____ | |
| Kibel, Christina | Date | Stephens, Donna | Date |
| _____ | | _____ | |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| _____ | | _____ | |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| _____ | | _____ | |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| _____ | | _____ | |
| Nash, Robert | Date | Tenny, Richard | Date |
| _____ | | _____ | |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| _____ | | _____ | |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| _____ | | | |
| Parlow, Lowell | Date | | |

Firmwide:152501274.9 082494.1001

| | |
|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date 2/27/2018 |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |
| Jakeway, Greg _____ Date | Scanlan, Jeffery _____ Date |
| Jones, Jan _____ Date | Singleton, Dianne _____ Date |
| Kibel, Christina _____ Date | Stephens, Donna _____ Date |
| Lawrence, Daniel _____ Date | Stephens, Wendell _____ Date |
| McGill-Hoyt, Tammy _____ Date | Stewart, John _____ Date |
| Mouton, Dale _____ Date | Stewart, Patrick _____ Date |
| Nash, Robert _____ Date | Tenny, Richard _____ Date |
| Nees, Adam _____ Date | Trinidad, Hilberto _____ Date |
| Parlow, Barbara _____ Date | Wallenbeck, Brian _____ Date |
| Parlow, Lowell _____ Date | |

33

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | | Pepper, Jeff | Date |
| Bandy, Herman | Date | | Peterson, Jeffrey | Date |
| Bush, Robert | Date | | Porter, Eliott | Date |
| Dickson, Shelby | Date | | Powell, Richard | Date |
| Ferguson, Vic | Date | | Richardson Jr., Joel | Date |
| | | | | 2/23/2018 |
| Foster, Jess | Date | | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | | Rushing, Clovis | Date |
| Holesko, Stephen | Date | | Rushing, Jeannie | Date |
| Humphrey, David | Date | | Scanlan, Jack | Date |
| Jakeway, Greg | Date | | Scanlan, Jeffery | Date |
| Jones, Jan | Date | | Singleton, Dianne | Date |
| Kibel, Christina | Date | | Stephens, Donna | Date |
| Lawrence, Daniel | Date | | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | | Stewart, John | Date |
| Mouton, Dale | Date | | Stewart, Patrick | Date |
| Nash, Robert | Date | | Tenny, Richard | Date |
| Nees, Adam | Date | | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | | |

33

Arrington, Jeffrey _____ Date

Bandy, Herman _____ Date

Bush, Robert _____ Date

Dickson, Shelby _____ Date

Ferguson, Vic _____ Date

Foster, Jess _____ Date

Guidroz, Erica _____ Date

Holesko, Stephen _____ Date

Humphrey, David _____ Date

Jakeway, Greg _____ Date

Jones, Jan _____ Date

Kibel, Christina _____ Date

Lawrence, Daniel _____ Date

McGill-Hoyt, Tammy _____ Date

Mouton, Dale _____ Date

Nash, Robert _____ Date

Nees, Adam _____ Date

Parlow, Barbara _____ Date

Parlow, Lowell _____ Date

Pepper, Jeff _____ Date

Peterson, Jeffrey _____ Date

Porter, Eliott _____ Date

Powell, Richard _____ Date

Richardson Jr., Joel _____ Date

Riley, Jeremy Scott _____ Date

Rushing, Clovis _____ Date
*Clovis Rushing* — 2/24/2018

Rushing, Jeannie _____ Date

Scanlan, Jack _____ Date

Scanlan, Jeffery _____ Date

Singleton, Dianne _____ Date

Stephens, Donna _____ Date

Stephens, Wendell _____ Date

Stewart, John _____ Date

Stewart, Patrick _____ Date

Tenny, Richard _____ Date

Trinidad, Hilberto _____ Date

Wallenbeck, Brian _____ Date

33

DocuSign Envelope ID: 54908046-D8A2-400F-87B6-56E4EA295C72

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date  2/23/2018 |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |

Rushing, Jeannie    Date

*Jack Scanlan*    2/23/2018

| | | | |
|---|---|---|---|
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | |
|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |
| Jakeway, Greg _____ Date | Scanlan, Jeffery _____ Date |
| Jones, Jan _____ Date | Singleton, Dianne _____ Date |
| Kibel, Christina _____ Date | Stephens, Donna _____ Date |
| Lawrence, Daniel _____ Date | Stephens, Wendell _____ Date |
| McGill-Hoyt, Tammy _____ Date | Stewart, John _____ Date |
| Mouton, Dale _____ Date | Stewart, Patrick _____ Date |
| Nash, Robert _____ Date | Tenny, Richard _____ Date |
| Nees, Adam _____ Date | Trinidad, Hilberto _____ Date |
| Parlow, Barbara _____ Date | Wallenbeck, Brian _____ Date |
| Parlow, Lowell _____ Date | |

Jeff scanlan   2/23/2018
DocuSigned by:
68A6C42F88334D5

Firmwide:152501274.9 082494.1001

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| | | | 2/26/2018 |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

DocuSign Envelope ID: 885E175E-A124-48E1-993B-91C4E1E28C6B

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | | Pepper, Jeff | Date |
| Bandy, Herman | Date | | Peterson, Jeffrey | Date |
| Bush, Robert | Date | | Porter, Eliott | Date |
| Dickson, Shelby | Date | | Powell, Richard | Date |
| Ferguson, Vic | Date | | Richardson Jr., Joel | Date |
| Foster, Jess | Date | | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | | Rushing, Clovis | Date |
| Holesko, Stephen | Date | | Rushing, Jeannie | Date |
| Humphrey, David | Date | | Scanlan, Jack | Date |
| Jakeway, Greg | Date | | Scanlan, Jeffery | Date |
| Jones, Jan | Date | | Singleton, Dianne | Date |
| Kibel, Christina | Date | | Stephens, Donna  2/23/2018 | Date |
| Lawrence, Daniel | Date | | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | | Stewart, John | Date |
| Mouton, Dale | Date | | Stewart, Patrick | Date |
| Nash, Robert | Date | | Tenny, Richard | Date |
| Nees, Adam | Date | | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | | |

33

DocuSign Envelope ID: E5308FAE-1D42-4F64-B910-25B81356286F

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell — *Wendell Dusty Stephens* 2/23/2018 | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

Firmwide:152501274.9 082494.1001

DocuSign Envelope ID: 2D69005B-9A0B-495F-B5F9-CD6E83E88CED

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | 2/23/2018 |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

*John Stewart* (signature)

33

Firmwide:152501274.9 082494.1001

| | | | | |
|---|---|---|---|---|
| Arrington, Jeffrey | Date | | Pepper, Jeff | Date |
| Bandy, Herman | Date | | Peterson, Jeffrey | Date |
| Bush, Robert | Date | | Porter, Eliott | Date |
| Dickson, Shelby | Date | | Powell, Richard | Date |
| Ferguson, Vic | Date | | Richardson Jr., Joel | Date |
| Foster, Jess | Date | | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | | Rushing, Clovis | Date |
| Holesko, Stephen | Date | | Rushing, Jeannie | Date |
| Humphrey, David | Date | | Scanlan, Jack | Date |
| Jakeway, Greg | Date | | Scanlan, Jeffery | Date |
| Jones, Jan | Date | | Singleton, Dianne | Date |
| Kibel, Christina | Date | | Stephens, Donna | Date |
| Lawrence, Daniel | Date | | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | | Stewart, John | Date |
| Mouton, Dale | Date | | _Patrick Stewart_  2/23/2018 Stewart, Patrick | Date |
| Nash, Robert | Date | | Tenny, Richard | Date |
| Nees, Adam | Date | | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | | |

Firmwide:152501274.9 082494.1001

| | |
|---|---|
| Arrington, Jeffrey _____ Date | Pepper, Jeff _____ Date |
| Bandy, Herman _____ Date | Peterson, Jeffrey _____ Date |
| Bush, Robert _____ Date | Porter, Eliott _____ Date |
| Dickson, Shelby _____ Date | Powell, Richard _____ Date |
| Ferguson, Vic _____ Date | Richardson Jr., Joel _____ Date |
| Foster, Jess _____ Date | Riley, Jeremy Scott _____ Date |
| Guidroz, Erica _____ Date | Rushing, Clovis _____ Date |
| Holesko, Stephen _____ Date | Rushing, Jeannie _____ Date |
| Humphrey, David _____ Date | Scanlan, Jack _____ Date |
| Jakeway, Greg _____ Date | Scanlan, Jeffery _____ Date |
| Jones, Jan _____ Date | Singleton, Dianne _____ Date |
| Kibel, Christina _____ Date | Stephens, Donna _____ Date |
| Lawrence, Daniel _____ Date | Stephens, Wendell _____ Date |
| McGill-Hoyt, Tammy _____ Date | Stewart, John _____ Date |
| Mouton, Dale _____ Date | Stewart, Patrick _____ Date  2/26/2018 |
| Nash, Robert _____ Date | Tenny, Richard _____ Date |
| Nees, Adam _____ Date | Trinidad, Hilberto _____ Date |
| Parlow, Barbara _____ Date | Wallenbeck, Brian _____ Date |
| Parlow, Lowell _____ Date | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | *Hilberto Trinidad*  2/23/2018 Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian | Date |
| Parlow, Lowell | Date | | |

33

| | | | |
|---|---|---|---|
| Arrington, Jeffrey | Date | Pepper, Jeff | Date |
| Bandy, Herman | Date | Peterson, Jeffrey | Date |
| Bush, Robert | Date | Porter, Eliott | Date |
| Dickson, Shelby | Date | Powell, Richard | Date |
| Ferguson, Vic | Date | Richardson Jr., Joel | Date |
| Foster, Jess | Date | Riley, Jeremy Scott | Date |
| Guidroz, Erica | Date | Rushing, Clovis | Date |
| Holesko, Stephen | Date | Rushing, Jeannie | Date |
| Humphrey, David | Date | Scanlan, Jack | Date |
| Jakeway, Greg | Date | Scanlan, Jeffery | Date |
| Jones, Jan | Date | Singleton, Dianne | Date |
| Kibel, Christina | Date | Stephens, Donna | Date |
| Lawrence, Daniel | Date | Stephens, Wendell | Date |
| McGill-Hoyt, Tammy | Date | Stewart, John | Date |
| Mouton, Dale | Date | Stewart, Patrick | Date |
| Nash, Robert | Date | Tenny, Richard | Date |
| Nees, Adam | Date | Trinidad, Hilberto | Date |
| Parlow, Barbara | Date | Wallenbeck, Brian — *Brian Wallenbeck* — 2/26/2018 | Date |
| Parlow, Lowell | Date | | |

33

EXHIBIT A

EXHIBIT A

| NAME | FLSA SETTLEMENT ALLOCATION | SERVICE PAYMENT ALLOCATION | GENERAL RELEASE ALLOCATION | SECTION 216(b) SETTLEMENT AMOUNT |
|---|---|---|---|---|
| Arrington, Jeffrey | $ 5,320.00 | $ 5,000.00 | $ 12,180.00 | $ 22,500.00 |
| Bandy, Herman "Irwin" | $ 3,640.00 | $ 2,000.00 | $ 4,360.00 | $ 10,000.00 |
| Boyington, Eric | $ 19,040.00 | $ 20,000.00 | $ 35,960.00 | $ 75,000.00 |
| Bush, Robert | $ 12,880.00 | $ 2,000.00 | $ 10,120.00 | $ 25,000.00 |
| Dickson, Shelby | $ 15,400.00 | $ 2,000.00 | $ 7,600.00 | $ 25,000.00 |
| Ferguson, Vic | $ 8,280.00 | $ 500.00 | $ 6,220.00 | $ 15,000.00 |
| Foster, Jess | $ 6,720.00 | $ 5,000.00 | $ 8,280.00 | $ 20,000.00 |
| Guidroz, Erica | $ 15,680.00 | $ 5,000.00 | $ 7,320.00 | $ 28,000.00 |
| Holesko, Stephen | $ 6,440.00 | $ 7,500.00 | $ 13,560.00 | $ 27,500.00 |
| Humphrey, David | $ 5,600.00 | $ 7,500.00 | $ 9,400.00 | $ 22,500.00 |
| Jakeway, Greg | $ 1,680.00 | $ 2,000.00 | $ 6,320.00 | $ 10,000.00 |
| Jones, Jan | $ 8,960.00 | $ 10,000.00 | $ 16,040.00 | $ 35,000.00 |
| Kibel, Christina | $ 8,680.00 | $ 5,000.00 | $ 8,820.00 | $ 22,500.00 |
| Lawrence, Daniel | $ 13,160.00 | $ 2,000.00 | $ 17,340.00 | $ 32,500.00 |
| McGill-Hoyt, Tammy | $ 8,400.00 | $ 20,000.00 | $ 21,600.00 | $ 50,000.00 |
| Mouton, Dale | $ 17,360.00 | $ 10,000.00 | $ 25,140.00 | $ 52,500.00 |
| Nash, Robert | $ 4,760.00 | $ 15,000.00 | $ 20,240.00 | $ 40,000.00 |
| Nees, Adam | $ 22,960.00 | $ 12,000.00 | $ 20,040.00 | $ 55,000.00 |
| Parlow, Barbara | $ 16,800.00 | $ 2,000.00 | $ 1,200.00 | $ 20,000.00 |
| Parlow, Lowell | $ 16,800.00 | $ 2,000.00 | $ 1,200.00 | $ 20,000.00 |
| Pepper, Jeff | $ 13,440.00 | $ 5,000.00 | $ 14,060.00 | $ 32,500.00 |
| Peterson, Jeffrey | $ 8,400.00 | $ 5,000.00 | $ 11,600.00 | $ 25,000.00 |
| Porter, Eliott | $ 20,440.00 | $ 5,000.00 | $ 9,560.00 | $ 35,000.00 |
| Powell, Richard | $ 14,560.00 | $ 2,000.00 | $ 15,940.00 | $ 32,500.00 |
| Richardson Jr., Joel | $ 15,400.00 | $ 5,000.00 | $ 12,100.00 | $ 32,500.00 |
| Riley, Jeremy Scott | $ 12,320.00 | $ 5,000.00 | $ 15,180.00 | $ 32,500.00 |
| Rushing, Clovis | $ 2,400.00 | $ 2,000.00 | $ 8,100.00 | $ 12,500.00 |
| Rushing, Jeannie | $ 2,400.00 | $ 2,000.00 | $ 8,100.00 | $ 12,500.00 |
| Scanlan, Jack | $ 7,560.00 | $ 7,500.00 | $ 14,940.00 | $ 30,000.00 |
| Scanlan, Jeffery | $ 4,480.00 | $ 5,000.00 | $ 10,520.00 | $ 20,000.00 |
| Singleton, Dianne | $ 280.00 | $ 2,000.00 | $ 2,720.00 | $ 5,000.00 |
| Stephens, Donna | $ 9,120.00 | $ 5,000.00 | $ 5,880.00 | $ 20,000.00 |
| Stephens, Wendell "Dusty" | $ 9,120.00 | $ 5,000.00 | $ 5,880.00 | $ 20,000.00 |
| Stewart, John | $ 15,400.00 | $ 10,000.00 | $ 14,600.00 | $ 40,000.00 |
| Stewart, Patrick | $ 10,520.00 | $ 5,000.00 | $ 6,980.00 | $ 22,500.00 |
| Tenny, Richard | $ 12,760.00 | $ 2,000.00 | $ 17,740.00 | $ 32,500.00 |
| Trinidad, Hilberto "Gilbert" | $ 2,800.00 | $ 2,000.00 | $ 12,700.00 | $ 17,500.00 |
| Wallenbeck, Brian | $ 13,440.00 | $ 2,000.00 | $ 17,060.00 | $ 32,500.00 |

EXHIBIT B

EXHIBIT B

| NAME | PENNSYLVANIA RULE 23 ALLOCATION |
|---|---|
| Andrews, Lori | $ 6,481.71 |
| Aurilio, Matt | $ 5,490.39 |
| Balaschak, Keith | $ 4,270.30 |
| Behrens, Dave | $ 762.55 |
| Bell, Larry | $ 2,973.96 |
| Bennett, Heather | $ 3,431.50 |
| Blevins, Kimberly | $ 3,660.26 |
| Brice, David | $ 1,982.64 |
| Brindza, Martina | $ 991.32 |
| Buckner, Judy | $ 2,058.90 |
| Bushee, David | $ 2,973.96 |
| Butler, Marcie | $ 2,821.45 |
| Cangiano, Anthony | $ 4,727.84 |
| Capp, Eugene | $ 1,753.88 |
| Carson, Mary | $ 3,431.50 |
| Cavalier, Albert | $ 350.00 |
| Chiu, Raymond | $ 457.53 |
| Coombes, Cheryl | $ 3,202.73 |
| Coon, Dick | $ 915.07 |
| Davis, Mark Edward | $ 4,117.79 |
| DelProposto, Andrew | $ 457.53 |
| Desvernine, Evan | $ 4,194.05 |
| Dillard, John | $ 7,473.03 |
| Emerson, Josh | $ 1,448.85 |
| Evans, Travis | $ 350.00 |
| Farcin, Jeffrey | $ 350.00 |
| Fletcher, Andrea | $ 1,830.13 |
| Fullerton, Stephen | $ 2,821.45 |
| Gamber, Eric | $ 5,414.14 |
| Garza, Mario | $ 838.81 |
| Glover, Beckie | $ 6,252.95 |
| Grantham, Roger | $ 3,126.47 |
| Gwin, Scott | $ 3,660.26 |
| Gwin, Shannon | $ 3,584.01 |
| Hairell, Matt | $ 838.81 |
| Hardesty, Jody | $ 1,525.11 |
| Hays, Alan | $ 2,287.66 |
| Hays, Brent | $ 1,753.88 |
| Hendon, David | $ 2,973.96 |
| Hoober, Darrell | $ 3,736.52 |
| Hurley, Ryan | $ 1,830.13 |
| Jeffrey, Jason | $ 838.81 |
| Johnson, Laura | $ 4,499.07 |
| Johnston, William "Andy" | $ 2,668.94 |
| Jones, Michael | $ 6,405.46 |

EXHIBIT B

| NAME | PENNSYLVANIA RULE 23 ALLOCATION |
|---|---|
| Jordan, Chalain | $ 4,041.54 |
| Kendrick, Trey | $ 915.07 |
| Kenney, Tom | $ 6,405.46 |
| Kincade, Anthony | $ 3,660.26 |
| King, Steven | $ 1,753.88 |
| Kraft, Jon | $ 2,745.20 |
| Krohmalney, Scott | $ 3,584.01 |
| Lane, Lawrence "Kerry" | $ 350.00 |
| Laramie, James | $ 762.55 |
| Lester, Frederick | $ 6,557.97 |
| Lieb, Beth | $ 1,830.13 |
| Lynch, Raymond | $ 2,821.45 |
| Marshall, John | $ 4,499.07 |
| Martin, Chasity | $ 1,296.34 |
| Maskill, Jeanie | $ 2,287.66 |
| Maurer, Derrick | $ 1,982.64 |
| McConnell, Kimberlee | $ 4,880.35 |
| Melder, Rusty | $ 1,448.85 |
| Miller, Thomas | $ 4,956.60 |
| Miller, Wesley | $ 1,525.11 |
| Morgan, Matthew | $ 350.00 |
| Morgan, Roy | $ 4,804.09 |
| Nonack, Richard | $ 4,880.35 |
| Norris, Rodney | $ 13,802.24 |
| O'Brien, Michael | $ 991.32 |
| Palcic, Ronald | $ 2,745.20 |
| Parfitt-Bell, Jill | $ 2,973.96 |
| Payne, Michael | $ 1,372.60 |
| Pendergraft, Karen | $ 1,906.39 |
| Perkins, Dana | $ 4,956.60 |
| Perry, Mark | $ 1,677.62 |
| Portillo, Alyssa | $ 6,329.20 |
| Portillo, Freddy | $ 6,329.20 |
| Rampy, Lisa | $ 2,668.94 |
| Randall, Bill | $ 2,287.66 |
| Rigall, Amy | $ 610.04 |
| Risner, Duston | $ 6,329.20 |
| Rockwell, Bonita | $ 350.00 |
| Rose, Raymond | $ 1,677.62 |
| Ross, April | $ 1,601.36 |
| Sampson, Kris | $ 5,337.88 |
| Scarboro, Aaron | $ 4,651.58 |
| Schreiber, Robert | $ 2,058.90 |
| Sheppard, Edward "Bill" | $ 2,363.92 |
| Smith, Floyd | $ 3,736.52 |

EXHIBIT B

| NAME | PENNSYLVANIA RULE 23 ALLOCATION |
|---|---|
| Swalm, Bruce | $ 3,202.73 |
| Taff, Bill | $ 2,897.71 |
| Taylor, Jason | $ 1,677.62 |
| Thomas, Nathan | $ 3,660.26 |
| Turnipseed, Jeffrey | $ 457.53 |
| Tynes, Scott | $ 2,363.92 |
| Tynes, Torrey | $ 3,202.73 |
| Valentini, Dario | $ 2,897.71 |
| Walsh, Susan | $ 1,753.88 |
| Weaver, Allen | $ 3,584.01 |
| Wholf, Bobby | $ 686.30 |
| Wholf, Norma | $ 350.00 |
| Williams, Daniel | $ 915.07 |
| Wilson, Cole | $ 4,575.33 |
| Windham, Rob | $ 2,668.94 |
| Wininger, Glenn | $ 457.53 |
| Winter, Robert "Bob" | $ 610.04 |
| Wise, David | $ 5,566.65 |
| Womack, Chanda | $ 3,507.75 |
| Wood, Denise | $ 2,668.94 |
| Woodruff, Raymond | $ 991.32 |
| Wyatt, Glenda | $ 4,117.79 |
| Wyatt, Mitchell | $ 4,499.07 |
| Young, Robert | $ 4,575.33 |

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00090-KRG |
| v. | ) ) | The Honorable Kim R. Gibson |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL TO A**
**RULE 23 CLASS ACTION SETTLEMENT**

Before the Court is the Plaintiff's Unopposed Motion for Order Granting Preliminary Approval to a Rule 23 Class Action Settlement and the pertinent materials filed with that motion. Defendant does not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED. The Court ORDERS as follows:

1.      **Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Pennsylvania Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Pennsylvania Rule 23 Class:

> All individuals who, at any time during the period between May 7, 2011 and December 31, 2014, were employed by Defendant within the Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, *e.g.*, due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Right of Way Agent, excluding, however, those individuals who are FLSA Class Members (as that term is defined in the Agreement) as well as those who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and subsequently had their claims withdrawn or dismissed.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Pennsylvania Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

2.     **Class Representatives.**  The Court conditionally approves Named Plaintiff, Eric Boyington, as the Class Representative.

3.     **Class Counsel.**  The Court conditionally appoints as Class Counsel for the Pennsylvania Rule 23 Class Joseph H. Chivers, of the law firm The Employment Rights Group (100 First Avenue, Suite 650, Pittsburgh, PA 15222), John R. Linkosky (715 Washington Avenue, Carnegie, PA 15106), and Bruce C. Fox, Andrew J. Horowitz, and Jeffrey B. Cadle, of Obermayer Rebmann Maxwell & Hippel LLP (500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

4.     **Preliminary Approval of the Agreement.**  The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate. The therefore grants preliminary approval to the proposed settlement set forth in the Agreement.

5.     **Settlement Administrator.**  Dahl Administration, LLC, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426, is approved as Settlement Administrator to perform the notice and administrative services described in the Agreement.

6.     **Fairness Hearing.**  A Fairness Hearing will be held on _____, 2018[1] at ___:___ __.m. to consider whether to grant final approval of the Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

7.     **Notice to the Class.**  The Notice of Proposed Class Action Settlement and Fairness Hearing (the "Notice") attached as Exhibit E to the Agreement is approved. Not later

---

[1] In order to enable the Parties to comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the date of the Fairness Hearing shall not be earlier than 100 days following the date on which Plaintiff filed the motion for preliminary settlement approval.

than seven (7) days after the date of this Order, Defendant will provide the Settlement Administrator and Class Counsel with an Excel chart listing the names and last known addresses of the Pennsylvania Rule 23 Class Members. Within seven (7) days after receiving the foregoing information from Defendant (or as soon thereafter as practicable), the Settlement Administrator shall mail, via First Class United States mail, the Notice to all Pennsylvania Rule 23 Class Members using each individual's last known address (except that the Settlement Administrator shall perform a national change of address database review prior to mailing). If a Notice is returned to the Settlement Administrator with a forwarding address, the Notice shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail to the address indicated. If a Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip traces) to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found address(es).

8. **Exclusion from the Class.** Any Pennsylvania Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator within thirty (30) days following the date of the initial mailing of the Notice, or, at minimum, must be postmarked by that deadline and received by the Settlement Administrator within seven (7) days thereafter. Any individual who requests to be excluded from the class but who changes his/her mind and wishes to still participate may withdraw that request in writing at any time prior to the Fairness Hearing.

3

9. **Objections.** Any Pennsylvania Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via First Class United States mail, and be received by the Settlement Administrator by a date thirty (30) days after the initial mailing by the Settlement Administrator of the Notice, or, at minimum, must be postmarked by that deadline and received by the Settlement Administrator within seven (7) days thereafter. An objector who timely submits a written objection may appear at the Fairness Hearing in person (with or without counsel hired by the objector); however, an objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Pennsylvania Rule 23 Class Member may appear at the Fairness Hearing for the purpose of presenting objections unless he or she filed a timely objection that complies with the procedures provided herein. Any Pennsylvania Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

10. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, the Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members are barred from commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims against Defendant or any of the Released Parties.

11.     **Terms.**   The terms used in this Order shall have the same meaning as they are defined in the Agreement.

12.     **Agreement and Order for Settlement Purposes Only.**   It is understood that the Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a collective action under the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13.     **Nullification.**   This Pennsylvania Rule 23 Preliminary Approval Order (the "Order") will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

**So ordered.**

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00090-KRG |
| v. | ) ) | The Honorable Kim R. Gibson |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

## FINAL ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Order for Final Approval of Rule 23 Class Action Settlement and Approving Settlement of FLSA Claims Pursuant to 29 U.S.C. § 216(b). Defendant does not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the Agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1.     The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on _____ (the "Pennsylvania Rule 23 Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiff's motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2.     On _____, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3.     **Final Certification of the Pennsylvania Rule 23 Class**. The Court finds that the proposed Pennsylvania Rule 23 Class, as defined in the Agreement, meets the requirements of

Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes only, the Court certifies the Pennsylvania Rule 23 Class consisting of the following:

> All individuals who, at any time during the period between May 7, 2011 and December 31, 2014, were employed by Defendant within the Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, *e.g.*, due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Right of Way Agent, excluding, however, those individuals who are FLSA Class Members (as that term is defined in the Agreement) as well as those who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and subsequently had their claims withdrawn or dismissed.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Pennsylvania Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

4. **Class Representatives**. For purposes of settlement, the Court approves the Named Plaintiff, Eric Boyington, as the Class Representative.

5. **Class Counsel**. For purposes of settlement, the Court appoints as Class Counsel for the Pennsylvania Rule 23 Class Joseph H. Chivers, of the law firm The Employment Rights Group (100 First Avenue, Suite 650, Pittsburgh, PA 15222), John R. Linkosky (715 Washington Avenue, Carnegie, PA 15106), and Bruce C. Fox, Andrew J Horowitz, and Jeffrey B. Cadle, of Obermayer Rebmann Maxwell & Hippel LLP (500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

6. **Approval of the Agreement**. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Pennsylvania Rule 23 Class Members. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Pennsylvania Rule 23 Class Members. It achieves a definite and certain result for the benefit of the Pennsylvania Rule 23 Class Members that is preferable to continuing litigation in which the Pennsylvania Rule 23 Class Members would necessarily confront substantial risk (including the

risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Pennsylvania Rule 23 Class Members excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

7. **Notice to the Pennsylvania Rule 23 Class**. The Court determines that notice was given as required by the Pennsylvania Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Pennsylvania Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims under the Fair Labor Standards Act.

9. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff, all FLSA Class Members, and all Participating Pennsylvania Rule 23 Class Members, are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Parties from any and all claims that were asserted or that could have been

asserted in the Civil Action related to the payment of regular or overtime wages, including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, interest, costs, attorney's fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq*., Pennsylvania state law governing the payment of regular or overtime wages (including but not limited to the Pennsylvania Minimum Wage Act and/or the Pennsylvania Wage Payment and Collection Law), and any other analogous state or local laws governing the payment of regular or overtime wages (including but not limited to the New York Labor Law), arising out of work performed at any time through and including December 31, 2014 (collectively, the "Released Claims"). The Named Plaintiff, the FLSA Class Members and the Participating Pennsylvania Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims.

10.     The Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

11.     The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as

a collective action under the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

      12.     This Civil Action is DISMISSED WITH PREJUDICE.

**So ordered.**

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:14-cv-00090-KRG |
| v. | ) ) | The Honorable Kim R. Gibson |
| PERCHERON FIELD SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

TO:  [Class Member Name]  YOUR ESTIMATED
 [Address]  SETTLEMENT ALLOCATION: $_____
 [Address]

**PLEASE READ THIS NOTICE CAREFULLY.**

You are receiving this notice because you have been identified as a member of a potential class action lawsuit involving Percheron Field Services, LLC. The parties to that lawsuit reached a settlement, and the United States District Court for the Western District of Pennsylvania granted preliminary approval to that settlement. As described below, you have the right to participate in the settlement and receive a payment. You also have the right to exclude yourself from the settlement or to object to the settlement. Please read this notice carefully.

| **1.** | **Why should I read this notice?** |
|---|---|

This notice explains your right to participate in the settlement and to receive a payment. It also explains your right to exclude yourself from the settlement or object to the settlement, and the procedure for doing so. The United States District Court for the Western District of Pennsylvania scheduled a fairness hearing on _____, 2018 at _____. At the hearing, the Court will consider whether to grant final approval to the settlement. The hearing will take place before the Honorable Kim R. Gibson of the United States District Court for the Western District of Pennsylvania, in Courtroom A, 319 Washington Street, Johnstown, PA 15901. The Court's decision will impact your rights.

| **2.** | **What is the lawsuit about?** |
|---|---|

In the lawsuit, Plaintiff Eric Boyington alleges that up until December 31, 2014, Right of Way Agents employed by Percheron were not paid on a "salary basis" and were therefore misclassified as "exempt" from the overtime provisions of the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA). Plaintiff requested permission to pursue his claims on behalf of a class of Right of Way Agents who worked in Pennsylvania and/or whose

1

employment was covered by the PMWA at any time between May 7, 2011 and December 31, 2014 (since January 1, 2015, Right of Way Agents were paid a minimum guaranteed weekly amount sufficient to satisfy the "salary" requirements of the FLSA and PMWA). Percheron contends that at all relevant times, Right of Way Agents were fairly and adequately compensated for the work they performed during this period. The Court has not decided who would win the lawsuit or whether it would have been allowed to proceed on behalf of a class.

By reaching a settlement, the parties reached an amicable resolution of their dispute, and they avoided the costs associated with further litigation and the potential risk of loss. On _____ __, 2018, the Court granted preliminary approval to the settlement of the lawsuit on a class basis, finding that the agreement was fair and reasonable. The Court authorized that this notice be sent to you.

| 3. | How will the settlement amount be allocated? |
|---|---|

Percheron agreed to pay a maximum gross settlement amount of $2,800,000 to settle this lawsuit. This amount is inclusive of payments to the 114 class members (totaling $350,000, inclusive of the employer's share of payroll taxes); payments to Plaintiff and to the 37 other individuals who filed (and did not withdraw) written consents to join this action as party plaintiffs for unpaid wages and liquidated damages (totaling up to $410,400, inclusive of the employer's share of payroll taxes), service awards for their efforts on behalf of the class (up to $213,000) and consideration for their general release of claims, agreement not to be re-hired by Percheron, and related agreements (up to $456,600); payments to class counsel for their attorneys' fees (up to $1,200,000) and reimbursement of litigation costs and expenses (up to $160,000); and costs associated with settlement administration (up to $10,000). As a member of the class, your estimated individual allocation from the settlement amount is set forth on the first page of this notice; the actual allocation will be determined by the Court at the fairness hearing. One-half of your settlement allocation will be characterized as wage income (subject to payroll and income taxes and withholdings); the other one-half will be characterized as non-wage income. You should consult with your tax professional concerning the proper tax payment for these payments.

| 4. | What are my options? |
|---|---|

**Participate in the Settlement.** If you wish to participate in the settlement and receive your payments, then you do not need to do anything. If you do nothing and the Court approves the settlement, then you will receive your settlement payments and you will be subject to the release described below. If you participate in the settlement and the Court grants final approval to the settlement, you will receive your settlement payments in two parts: the first payment will be mailed after the Court enters its final approval order, and the second payment will be mailed [insert approximate date of mailing]. You will have 180 days from the date of each payment to cash the checks. It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your payments. If you do not exclude yourself from this settlement you will fully and irrevocably release and covenant not to sue or otherwise pursue claims against Percheron and all Released Parties[1] from any and all claims that were asserted or

---

[1] "Released Parties" include: (a) Percheron Holdings, LLC, Percheron Professional Services, LLC, and Percheron Survey NC, PLLC; (b) Percheron Energy, LLC, Mason Dixon Energy, LLC, OGM Land Company, LLC, Percheron

that could have been asserted in the lawsuit related to the payment of regular or overtime wages, including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, interest, costs, attorney's fees, and any other relief under Pennsylvania state law governing the payment of regular or overtime wages (including but not limited to the PMWA and/or the Pennsylvania Wage Payment and Collection Law), and any other analogous state or local laws governing the payment of regular or overtime wages (including but not limited to the New York Labor Law), arising out of work performed at any time through and including December 31, 2014.

**Exclude Yourself from the Settlement.** If you wish to exclude yourself from the settlement, you must submit a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include your name and an unequivocal statement that you request to be excluded from the class. Your request for exclusion must be received by [date that is 30 days following mailing] or, at minimum, must be postmarked by that date and received by the Settlement Administrator within seven days thereafter. If you request to be excluded from the class: (a) you will not be entitled to any payment from this settlement; (b) you will not be entitled to object to the settlement or appeal from any orders entered in the lawsuit relating to the settlement; and (c) you will not be bound by the settlement agreement, including the release of claims set forth in the agreement. If you request to be excluded from the class but then change your mind and wish to participate in the settlement, you may withdraw your request to be excluded by sending written notice of your decision to the Settlement Administrator so that it is received by the Settlement Administrator before the fairness hearing.

**Object to the Settlement.** You may object to the settlement if, for any reason, you believe that it should not be approved by the Court. The Court will consider your objection at the fairness hearing in deciding whether to approve the settlement. If you wish to present objections to the proposed settlement at the fairness hearing, you must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via First Class United States mail, and be received by the Settlement Administrator by [date that is 30 days following mailing] or, at minimum, must be postmarked by that date and received by the Settlement Administrator within seven days thereafter. An objector who timely submits a written objection may appear at the fairness hearing in person (with or without counsel hired by the objector). An objector who wishes to appear at the fairness hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time.

---

Field Services, LLC, Percheron Acquisitions, LLC, Percheron Survey, LLC, and Percheron Surveying, LLC; and (c) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this section, including any person or entity that was or could have been named as a defendant in the lawsuit.

| 5. | Who are the attorneys representing the class? |
|---|---|

Plaintiff is represented by the following attorneys, who have been preliminarily approved by the Court as class counsel:

Joseph H. Chivers
**THE EMPLOYMENT RIGHTS GROUP**
100 First Avenue, Suite 650
Pittsburgh, PA 15222
(412) 227-0763
jchivers@employmentrightsgroup.com

John R. Linkosky
**JOHN LINKOSKY & ASSOCIATES**
715 Washington Avenue
Carnegie, PA 15106
(412) 278-1280
linklaw@comcast.net

Bruce C. Fox
Jeffrey B. Cadle
**OBERMAYER REBMANN**
**MAXWELL & HIPPEL LLP**
500 Grant Street, Suite 5240
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com
jeffrey.cadle@obermayer.com

| 6. | How will the attorneys for the class be paid? |
|---|---|

You will not be required to pay the attorneys for the class in order to participate in the settlement. Class Counsel will be filing a motion with the Court seeking payment of up to $1,200,000 in attorneys' fees, plus costs and expenses of up to $160,000, which amount would be paid from the maximum gross settlement amount. At the fairness hearing, the Court will decide the actual amount of attorneys' fees, costs and expenses to award.

| 7. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a fairness hearing to decide whether to approve the settlement. You are permitted to attend that hearing, although you are not required or expected to attend. At the fairness hearing, the Court will consider whether the settlement (including the requested attorneys' fees, costs and expenses) is fair, reasonable and adequate. The Court will consider all written objections to the settlement at that time, and it will hear from any class members who object to the settlement provided they submitted written objections in advance, in accordance with the above instructions. The Court has scheduled the hearing to take place on [*insert date and time*] in Courtroom A of the United States District Court for the Western District of Pennsylvania, located at 319 Washington Street, Johnstown, PA 15901. If the Court changes the date, time or location of the hearing, it will notify the parties through the Court's electronic case management system, but no further notice will be mailed.

4

| 8. | Where can I obtain additional information? |
| --- | --- |

This notice only provides a summary of the lawsuit and the settlement. For more information, you may contact Class Counsel (contact information above) or the Settlement Administrator:

Attn: Percheron Overtime Settlement
[Settlement Administrator]
[Address]
Telephone Number:   _____

You may also inspect the Court files at the Office of the Clerk, United States District Court for the Western District of Pennsylvania, at 319 Washington Street, Johnstown, PA 15901, during regular Court hours (typically 8:30 a.m. to 4:30 p.m., Monday through Friday), or through the Court's Public Access to Court Electronic Records (PACER) online service.

**THIS NOTICE HAS BEEN APPROVED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.**

**PLEASE DO NOT CONTACT THE COURT DIRECTLY.**