IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PERCHERON FIELD SERVICES, LLC, )<br>)<br>Defendant. ) | Civil Action No. 3:14-cv-00090-KRG<br><br>The Honorable Kim R. Gibson |

## ORDER GRANTING PRELIMINARY APPROVAL TO A RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the Plaintiff's Unopposed Motion for Order Granting Preliminary Approval to a Rule 23 Class Action Settlement and the pertinent materials filed with that motion. Defendant does not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED. The Court ORDERS as follows:

**1.     Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Pennsylvania Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Pennsylvania Rule 23 Class:

> All individuals who, at any time during the period between May 7, 2011 and December 31, 2014, were employed by Defendant within the Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, *e.g.*, due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Right of Way Agent, excluding, however, those individuals who are FLSA Class Members (as that term is defined in the Agreement) as well as those who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and subsequently had their claims withdrawn or dismissed.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Pennsylvania Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

2.      **Class Representatives.** The Court conditionally approves Named Plaintiff, Eric Boyington, as the Class Representative.

3.      **Class Counsel.** The Court conditionally appoints as Class Counsel for the Pennsylvania Rule 23 Class Joseph H. Chivers, of the law firm The Employment Rights Group (100 First Avenue, Suite 650, Pittsburgh, PA 15222), John R. Linkosky (715 Washington Avenue, Carnegie, PA 15106), and Bruce C. Fox, Andrew J. Horowitz, and Jeffrey B. Cadle, of Obermayer Rebmann Maxwell & Hippel LLP (500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

4.      **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate. The Court therefore grants preliminary approval to the proposed settlement set forth in the Agreement.

5.      **Settlement Administrator.** Dahl Administration, LLC, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426, is approved as Settlement Administrator to perform the notice and administrative services described in the Agreement.

6.      **Fairness Hearing.** A Fairness Hearing will be held on ___July 19___, 2018[1] at _10_:_00_ _a_.m. to consider whether to grant final approval of the Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

7.      **Notice to the Class.** The Notice of Proposed Class Action Settlement and Fairness Hearing (the "Notice") attached as Exhibit E to the Agreement is approved. Not later than seven (7) days after the date of this Order, Defendant will provide the Settlement Administrator and Class Counsel with an Excel chart listing the names and last known addresses of the Pennsylvania Rule 23 Class Members. Within seven (7) days after receiving the foregoing information from

---

[1] In order to enable the Parties to comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the date of the Fairness Hearing shall not be earlier than 100 days following the date on which Plaintiff filed the motion for preliminary settlement approval.

2

Defendant (or as soon thereafter as practicable), the Settlement Administrator shall mail, via First Class United States mail, the Notice to all Pennsylvania Rule 23 Class Members using each individual's last known address (except that the Settlement Administrator shall perform a national change of address database review prior to mailing). If a Notice is returned to the Settlement Administrator with a forwarding address, the Notice shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail to the address indicated. If a Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip traces) to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found address(es).

**8.     Exclusion from the Class.** Any Pennsylvania Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator within thirty (30) days following the date of the initial mailing of the Notice, or, at minimum, must be postmarked by that deadline and received by the Settlement Administrator within seven (7) days thereafter. Any individual who requests to be excluded from the class but who changes his/her mind and wishes to still participate may withdraw that request in writing at any time prior to the Fairness Hearing.

**9.     Objections.** Any Pennsylvania Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via First Class United States mail, and be received by the Settlement Administrator by a date thirty (30) days after the initial mailing by the Settlement Administrator of the Notice, or, at minimum, must be postmarked

by that deadline and received by the Settlement Administrator within seven (7) days thereafter. An objector who timely submits a written objection may appear at the Fairness Hearing in person (with or without counsel hired by the objector); however, an objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Pennsylvania Rule 23 Class Member may appear at the Fairness Hearing for the purpose of presenting objections unless he or she filed a timely objection that complies with the procedures provided herein. Any Pennsylvania Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

**10.** **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, the Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members are barred from commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims against Defendant or any of the Released Parties.

**11.** **Terms.** The terms used in this Order shall have the same meaning as they are defined in the Agreement.

**12.** **Agreement and Order for Settlement Purposes Only.** It is understood that the Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be

deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a collective action under the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13. **Nullification.** This Pennsylvania Rule 23 Preliminary Approval Order (the "Order") will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

So ordered.   April 5, 2018   _____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**