IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BOYINGTON, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:14-cv-00090-KRG |
| v. | ) The Honorable Kim R. Gibson |
| PERCHERON FIELD SERVICES, LLC, | ) |
| Defendant. | ) |

## FINAL ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Order for Final Approval of Rule 23 Class Action Settlement and Approving Settlement of FLSA Claims Pursuant to 29 U.S.C. § 216(b). Defendant does not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the Agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1. The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on April 6, 2018 (the "Pennsylvania Rule 23 Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiff's motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2. On July 19, 2018, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3. **Final Certification of the Pennsylvania Rule 23 Class**. The Court finds that the proposed Pennsylvania Rule 23 Class, as defined in the Agreement, meets the requirements of

Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes only, the Court certifies the Pennsylvania Rule 23 Class consisting of the following:

> All individuals who, at any time during the period between May 7, 2011 and December 31, 2014, were employed by Defendant within the Commonwealth of Pennsylvania (or otherwise subject to the protections of the Pennsylvania Minimum Wage Act, *e.g.*, due to their working in Pennsylvania and/or being based in Pennsylvania) in the position of Right of Way Agent, excluding, however, those individuals who are FLSA Class Members (as that term is defined in the Agreement) as well as those who filed written consents to join this action pursuant to 29 U.S.C. § 216(b) and subsequently had their claims withdrawn or dismissed.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Pennsylvania Rule 23 Class Members, which is attached to the Agreement as Exhibit B.

4. **Final Certification of the § 216(b) Collective**. The Court finds that the § 216(b) Collective, as defined in the Agreement, meets the requirements of 29 U.S.C. § 216(b). Accordingly, for settlement purposes only, the Court certifies the following § 216(b) Collective:

> All individuals who filed an opt-in form pursuant to § 216(b) and who signed the Settlement Agreement submitted to the Court at Dkt. No. 292-1.

5. **Class Representatives**. For purposes of settlement, the Court approves the Named Plaintiff, Eric Boyington, as the Rule 23 Class Representative.

6. **Class Counsel**. For purposes of settlement, the Court appoints as Class Counsel for the Pennsylvania Rule 23 and for the § 216(b) Collective Joseph H. Chivers, of the law firm The Employment Rights Group LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), John R. Linkosky (715 Washington Avenue, Carnegie, PA 15106), and Bruce C. Fox, Andrew J Horowitz, and Jeffrey B. Cadle, of Obermayer Rebmann Maxwell & Hippel LLP (500 Grant Street, Suite 5240, Pittsburgh, PA 15219).

7. **Approval of the Agreement**. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Pennsylvania Rule 23 Class Members and of the § 216(b) Collective Members. The Agreement is fair, just, reasonable and adequate, and in the best

interest of, the Pennsylvania Rule 23 Class Members and the § 216(b) Collective Members. It achieves a definite and certain result for the benefit of the Pennsylvania Rule 23 and § 216(b) Class Members that is preferable to continuing litigation in which the Pennsylvania Rule 23 and § 216(b) Class Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Pennsylvania Rule 23 Class Members excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

8. **Notice to the Pennsylvania Rule 23 Class.** The Court determines that notice was given as required by the Pennsylvania Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Pennsylvania Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Class Members and the Pennsylvania Rule 23 Class Members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims under the Fair Labor Standards Act.

10.     By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff, all FLSA Class Members, and all Participating Pennsylvania Rule 23 Class Members, are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Parties from any and all claims that were asserted or that could have been asserted in the Civil Action related to the payment of regular or overtime wages, including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, interest, costs, attorney's fees, and any other relief under the federal FLSA, 29 U.S.C. § 201, *et seq.*, Pennsylvania state law governing the payment of regular or overtime wages (including but not limited to the Pennsylvania Minimum Wage Act and/or the Pennsylvania Wage Payment and Collection Law), and any other analogous state or local laws governing the payment of regular or overtime wages (including but not limited to the New York Labor Law), arising out of work performed at any time through and including December 31, 2014 (collectively, the "Released Claims"). The Named Plaintiff, the FLSA Class Members and the Participating Pennsylvania Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims. In addition, by operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, the FLSA Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Parties from any and all claims that were asserted or could have been asserted under any statutory or common law of any kind whatsoever through the date the Agreement was fully executed by all Parties (April 4, 2018).

11. The Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a collective action under the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13. Final Judgment is entered in this matter in accordance with the Settlement Agreement, and this Civil Action is DISMISSED WITH PREJUDICE.

**So ordered.**

July 19, 2018

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**